894 A.2d 72 (2006)
384 N.J. Super. 136
LIBERTARIAN PARTY OF CENTRAL NEW JERSEY, and John T. Paff, Plaintiffs-Appellants,
v.
Reina A. MURPHY, as Custodian of Government Records for the Township of Edison, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued November 30, 2005.
Decided March 23, 2006.
*73 Richard Gutman, Montclair, argued the cause for appellants.
Dawn O'Connor, Teaneck, argued the cause for respondent (DeCotiis, Fitzpatrick, Cole & Wisler, attorneys; Louis N. Rainone, of counsel; Ms. O'Connor, on the brief).
Before Judges WECKER, FUENTES, and GRAVES.
The opinion of the court was delivered by
FUENTES, J.A.D.
Plaintiffs, the Libertarian Party of Central New Jersey and John T. Paff, appeal from the Law Division order that upheld the right of the Township of Edison to charge $55 for a computer diskette containing the minutes of the Township Council meetings. Plaintiffs argue that this fee is excessive, unreasonable, and not indicative of the actual cost incurred by the municipality to reproduce the records. Thus, according to plaintiffs, the Township of Edison's $55 charge per diskette, undermines its common law right of access to public records, and violates the relevant provision of the Open Public Records Act *74 ("OPRA"), which specifically limits the fee charged for copies of government records to the actual cost of duplication. N.J.S.A. 47:1A-5b.
Defendant, in her role as the custodian of the minutes of the Township Council meetings, argues that the issue raised by plaintiffs is moot, because: (1) the challenged fee was never imposed upon plaintiffs; and (2) the records sought by plaintiffs were available, at no charge, on the municipality's website. Alternatively, defendant maintains that the ordinance establishing the fee in question is authorized both by OPRA, and the Supreme Court's holding in Higg-A-Rella, Inc. v. County of Essex, 141 N.J. 35, 660 A.2d 1163 (1995).
After reviewing the record, in light of prevailing legal standards, we agree with plaintiffs' position and reverse. We hold that the appeal is not moot, and the $55 fee established by the Township of Edison for duplicating the minutes of the Township Council meeting onto a computer diskette is unreasonable and unsanctioned by the explicit provisions of OPRA. Because we find clear authority in OPRA for plaintiffs' position, we decline to address whether plaintiffs are entitled to similar relief by applying the standards articulated in the common law right of access.
As conceded by defendant during oral argument before us, the minutes of the Township Council meetings are first created in electronic form. The paper minutes are simply printed versions of the electronically stored documents. It is also beyond dispute that the actual cost of the diskette is far less than $55. Thus, the only discernable rationale for the fee is to discourage the public from requesting the information in this format. Such a policy is not legally sustainable.
In adopting OPRA, the Legislature made clear that "government records shall be readily accessible for inspection, copying, or examination by the citizens of this State, with certain exceptions, for the protection of the public interest, and any limitations on the right of access accorded [under OPRA] as amended and supplemented, shall be construed in favor of the public's right of access." N.J.S.A. 47:1A-1. The imposition of a facially inordinate fee for copying onto a computer diskette information the municipality stores electronically places an unreasonable burden on the right of access guaranteed by OPRA, and violates the guiding principle set by the statute that a fee should reflect the actual cost of duplication. N.J.S.A. 47:1A-5b.
OPRA also requires the custodian of the government records to provide copies "in the medium requested if the public agency maintains the record in that medium." N.J.S.A. 47:1A-5(d). Because the minutes of the municipal council are maintained electronically, and are made available to the public through the municipality's website, we discern no practical impediment in providing plaintiffs with copies of these records on a computer diskette. The concerns expressed by the Supreme Court in Higg-A-Rella, Inc., supra, 141 N.J. at 52-53, 660 A.2d 1163, regarding potentially "intrusive" public access to government records are not implicated in this case. The municipality has not asserted confidentiality in response to plaintiffs' request.
Defendant's argument that the availability of the minutes through the municipal website renders this appeal moot is unavailing. From plaintiffs' perspective, the problem with this arrangement is that the website's postings are not as current as the information available through the municipal clerk's office. The actual time delay in the posting of the minutes on the municipal website can be as much as three weeks. Therefore, although plaintiffs have obtained access to the actual records requested, the legal question raised remains *75 viable, because it is clearly capable of repetition. See Div. of Youth & Fam. Serv. v. J.B., 120 N.J. 112, 118-19, 576 A.2d 261 (1990).
We are mindful that municipal ordinances are presumed valid and reasonable, and "[t]he burden of proof to establish that they are arbitrary and unreasonable rests on the party seeking to overturn them." Defalco Instant Towing, Inc. v. Borough of New Providence, 380 N.J.Super. 152, 155-56, 881 A.2d 745 (App.Div.2005) (quoting Quick Chek Food Stores v. Twp. of Springfield, 83 N.J. 438, 447, 416 A.2d 840 (1980)). We are satisfied that the fee imposed by the Township of Edison creates an unreasonable burden upon plaintiffs' right of access and is not rationally related to the actual cost of reproducing the records. The judgment of the Law Division is reversed. The matter is remanded for an evidentiary hearing for the trial court to determine the actual cost incurred by the municipality in providing plaintiffs with copies of the minutes on a computer diskette.[1]
The municipality may insist upon using its own diskette, rather than allowing the requesting party to supply the diskette, in order to avoid the possibility that the municipality's computer system may be compromised by any outside party.
Reversed and remanded.
NOTES
[1] We recognize that in addition to the actual cost of duplication, OPRA authorizes a public agency to charge a reasonable "special service" charge, based on the actual direct cost of providing copies, "whenever the nature, format, manner of collation, or volume of a government record embodied in the form of printed matter to be inspected, examined, or copied ... is such that ... [such duplication] involves an extraordinary expenditure of time and effort to accommodate the request." N.J.S.A. 47:1A-5(c). Based on the nature of the request here, we do not anticipate that defendant would be entitled to this relief. On remand, the trial court may conclude otherwise based on the record developed at a plenary hearing.