975 A.2d 459 (2009)
408 N.J. Super. 376
Cliff K. GOLDSMITH, on behalf of himself and all others similarly situated, Plaintiff-Appellant,
v.
CAMDEN COUNTY SURROGATE'S OFFICE, Patricia Jones in her capacity as the Camden County Surrogate and Camden County, Defendants-Respondents.
No. A-0628-08T3
Superior Court of New Jersey, Appellate Division.
Argued April 22, 2009.
Decided July 22, 2009.
*460 Sander D. Friedman argued the cause for appellant (Friedman Doherty, LLC, attorneys; Ms. Friedman and Wesley G. Hanna, West Berlin, on the brief).
Frances Wang Deveney argued the cause for respondents (Marks, O'Neill, O'Brien & Courtney, P.C., attorneys; Ms. Deveney, on the brief).
Before Judges AXELRAD[1], PARRILLO and MESSANO.
The opinion of this court was delivered by
MESSANO, J.A.D.
Plaintiff Cliff K. Goldsmith appeals from the dismissal by summary judgment of his putative class action complaint against defendants Camden County Surrogate's *461 Office, Patricia Jones, in her capacity as the Camden County Surrogate, and Camden County (collectively, defendants).[2] The motion judge agreed with defendants that plaintiff's complaint was time-barred by Rule 4:69-6(a) (the Rule), and the Supreme Court's holding in Mason v. City of Hoboken, 196 N.J. 51, 951 A.2d 1017 (2008). On appeal, plaintiff contends that his complaint, premised not upon the denial of access to public records, but rather upon a cause of action for unjust enrichment, and seeking disgorgement of alleged excess fees charged by defendants, is not subject to the time limits contained in the Rule or the Court's holding in Mason. We have considered the arguments raised in light of the record and applicable legal standards. We affirm.

I.
On August 24, 2006, plaintiff filed suit alleging that on April 13, 2006, he made 105 "self-serve copies of documents he searched from" defendants' records. He was charged three dollars per page, a total of $315, which he alleged "exceed[ed] the `actual cost' of making [the] copies." Plaintiff claimed this violated the common law right of public access, the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13, and the Civil Rights Act, N.J.S.A. 10:6-1 to -2 (the CRA). He sought the "refund/disgorgement of all sums in excess of the charges permitted[,]" counsel fees and costs, and declaratory relief setting an appropriate fee schedule. In separately pled counts, invoking the court's "general equitable powers," and espousing a theory of "unjust enrichment," plaintiff sought similar relief, along with an accounting of the fees defendants' had charged and an injunction prohibiting future overcharges. Defendants filed their answer asserting, among other things, that the complaint was "barred by the applicable statute of limitations."
We need not detail the motion practice that ensued because it is largely irrelevant to the issues presented. Shortly after the Court's decision in Mason was released, defendants moved for summary judgment, arguing that plaintiff's suit was filed beyond the forty-five day statute of limitations contained in the Rule and should be dismissed. Plaintiff did not dispute that the filing was beyond the Rule's timeframe, but, instead, argued that Mason did not apply. He contended there was a distinction between an action seeking access to public records, to which the Rule's time limits and Mason's holding applied, and his cause of action, which sought equitable relief from the excess fees defendants charged. Plaintiff claimed our decision in Neelthak Development Corp. v. Gloucester Township, 272 N.J.Super. 319, 639 A.2d 1141 (App.Div.1994) controlled, and his action was not time-barred.
Oral argument on the motion took place on August 29, 2008. The judge concluded that plaintiff's equitable causes of action were all subsumed within his OPRA or common law claim for access, and that no viable cause of action was presented under the CRA. Because plaintiff did not file his complaint within the forty-five day statute of limitations contained in the Rule, and pursuant to the holding in Mason, the judge dismissed the complaint with prejudice.[3] This appeal ensued.

*462 II.
Both sides have essentially reiterated before us the arguments raised below. We begin by reviewing the statute of limitations contained in the Rule, which provides
No action in lieu of prerogative writs shall be commenced later than 45 days after the accrual of the right to the review, hearing or relief claimed, except as provided by paragraph (b) of this rule.
[R. 4:69-6(a).]
Paragraph (b) then sets forth eleven different specific types of claims for which the forty-five day limit is shortened, enlarged, or defined in greater detail. Regardless of the nature of the prerogative writ claim, however, "[t]he court may enlarge the period of time provided in paragraph (a) or (b) ... where it is manifest that the interest of justice so requires." R. 4:69-6(c). As he did below, plaintiff concedes that if the Rule applies to his claim for equitable relief, his complaint is time-barred because it was not filed until four months after he was charged the allegedly excessive fees for copying. He argues for the first time in his reply brief, however, that the interest of justice requires expansion of the Rule's time limit if applicable.
In Mason, the Court concluded the Rule's forty-five day time limit applied to OPRA and common law requests for access to public and government records.[4] 196 N.J. at 70, 951 A.2d 1017. The Court explained the rationale for adopting this time limit, noting the Rule "in general, governs challenges to municipal and municipal-agency actions, all of which are subject to [its] 45-day limit." Id. at 69, 951 A.2d 1017 (citing Pressler, Current N.J. Court Rules, comment 1 on R. 4:69 (2008)). The Court noted further that the same time limit applied to "challenges to State agency actions[,]" citing Rules 2:2-3 and 2:4-1(b), and challenges brought against "actions taken at a meeting in violation of the Open Public Meetings Act[,]" citing N.J.S.A. 10:4-15(a). Ibid. After noting the compressed timeframes contained in OPRA, the Court concluded, "[j]ust as OPRA calls for the rapid response of an agency to any record request, a requestor should also be required to make a prompt decision whether to file suit." Ibid. The Court further found the forty-five day time limit "provides certainty and repose to public bodies faced with numerous OPRA requests." Id. at 70, 951 A.2d 1017.
We concede that the Court's discussion of the applicable statute of limitations was solely in the context of a requestor's suit for access to records. Plaintiff seizes upon this limitation and argues that the Rule's forty-five day time period, therefore, does not apply to his claim for equitable relief. We disagree.
"The doctrine of unjust enrichment rests on the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another." Assocs. Commercial Corp. v. Wallia, 211 N.J.Super. 231, 243, 511 A.2d 709 (App.Div.1986) (citing Callano v. Oakwood Park Homes Corp., 91 N.J.Super. 105, 108, 219 A.2d 332 (App.Div.1966)). "A cause of action for unjust enrichment requires proof that `defendant[s] received a benefit and that retention of that benefit without payment would be unjust.'" County of Essex v. First Union Nat. Bank, 373 N.J.Super. 543, 549-50, 862 A.2d 1168 (App.Div.2004) (quoting VRG Corp. v. *463 GKN Realty Corp., 135 N.J. 539, 554, 641 A.2d 519 (1994)), aff'd, remanded by 186 N.J. 46, 891 A.2d 600 (2006). "Unjust enrichment is not an independent theory of liability, but is the basis for a claim of quasi-contractual liability." Nat'l Amusements, Inc. v. New Jersey Tpk. Auth., 261 N.J.Super. 468, 478, 619 A.2d 262 (Law Div.1992), aff'd, 275 N.J.Super. 134, 645 A.2d 1194 (App.Div.), certif. denied, 138 N.J. 269, 649 A.2d 1288 (1994). We have recognized, however, that a claim for unjust enrichment may arise outside the usual quasi-contractual setting. County of Essex, supra, 373 N.J.Super. at 550, 862 A.2d 1168.
Plaintiff seeks to avoid the time constraints of the Rule by simply denominating his action as an equitable one seeking relief based upon defendants' alleged unjust enrichment, and not as one seeking access to public records. However, this overlooks the essential fact that plaintiff's claim rests totally upon OPRA and the jurisprudence that has evolved under the common law right of access. In other words, unless plaintiff can prove that the fees defendants charged were "excessive" in violation of the statute or common law, thus bestowing an unjust benefit upon defendants, he has no claim that defendants were unjustly enriched.
While we do not resolve the merits of the dispute, we note that under OPRA and the common law, plaintiff's complaint that excessive fees were charged may have some merit. As we recently noted, "Under the common law, a public official may charge for the `actual cost of copying the record,' but not the costs of any associated labor." Constantine v. Twp. of Bass River, 406 N.J.Super. 305, 322, 967 A.2d 882 (App.Div.2009) (quoting Dugan v. Camden County Clerk's Office, 376 N.J.Super. 271, 279, 870 A.2d 624 (App.Div.), certif. denied, 184 N.J. 209, 876 A.2d 283 (2005)). Likewise, "the guiding principle set by [OPRA is] that a fee should reflect the actual cost of duplication." Libertarian Party of Cent. New Jersey v. Murphy, 384 N.J.Super. 136, 139, 894 A.2d 72 (App.Div.), certif. granted, remanded on other grounds by, 188 N.J. 487, 909 A.2d 72 (2006); see also Dugan, supra, 376 N.J.Super. at 279, 870 A.2d 624 (holding "the fees allowable under the common law doctrine are consistent with those allowable under OPRA").
The nexus between the fees charged to the public, and the potential effect they may have upon the salutary goals of promoting public access to government and public records has been frequently recognized. In Higg-A-Rella, Inc. v. County of Essex, 141 N.J. 35, 53, 660 A.2d 1163 (1995), the Court held that any fee for access to records "must be reasonable, and cannot be used as a tool to discourage access." Even earlier, in Moore v. Board of Chosen Freeholders, 39 N.J. 26, 31, 186 A.2d 676 (1962), the Court held that where a reasonable charge would nonetheless impair public access, "the public official should calculate his charge on the basis of actual costs." In Libertarian Party, supra, 384 N.J.Super. at 139, 894 A.2d 72, we noted, "The imposition of a facially inordinate fee ... places an unreasonable burden on the right of access guaranteed by OPRA."
As the above discussion amply demonstrates, plaintiff's complaint, called by any name, was essentially a challenge to defendants' actions as governmental entities responding to plaintiff's document copying request. Its success rested totally upon his ability to demonstrate that the charges imposed violated OPRA or the common law. It was not an independent cause of action for equitable relief founded upon some other legal duty, or otherwise "dictated *464 by reason and justice." Callano, supra, 91 N.J.Super. at 108, 219 A.2d 332.
Plaintiff argues that our decision in Neelthak, supra, at 319, 639 A.2d 1141, recognizes that when the cause of action "seeks the refund of moneys, not review of a ministerial government action" the Rule's statute of limitation does not apply. In Neelthak, the plaintiffs brought suit against the township and its engineering consultants, alleging they had been overcharged for engineering reviews of their development plans. 272 N.J.Super. at 322, 639 A.2d 1141. In particular, the plaintiffs sought "determinations of the reasonableness of fees charged for application review and inspection services and of whether any portion of $17,000 claimed to be due by the Township for such purposes [was] actually due and owing. In the latter connection, plaintiffs sought an adjustment of fees improperly charged[.]" Ibid. The trial court dismissed the claims finding they were untimely under the Rule. Id. at 324, 639 A.2d 1141.
We reversed, holding that "[t]hose portions of the complaints that sought to vindicate [the] plaintiffs' rights concerning pass-through charges for engineering services... were aspects of plaintiffs' claims that were wholly outside the scope of the traditional prerogative writ of certiorari[.]" Ibid. More importantly, we noted, the "plaintiffs were obliged to avail themselves of other adequate remedies to vindicate their interests in the correctness of charges for engineering fees, receiving proper credits, and avoiding future incorrect billings." Ibid. (emphasis added).
In this case, however, plaintiff never faced the dilemma of having no other adequate remedy. Unlike the plaintiffs in Neelthak, whom we found "could not properly have filed a proceeding in lieu of prerogative writs to achieve th[e] relief[,]" ibid., plaintiff here had recourse to challenge the overcharge through a traditional action brought under OPRA or the common law right of public access. In fact, the first two counts of his complaint specifically alleged that the charges he was forced to pay were in excess of those permitted by OPRA and the common law. In short, plaintiff simply chose not to pursue his claim within forty-five days of defendants' alleged violations. He now seeks to avoid the consequences of not filing in a timely fashion by calling his claim something other than what it is.
Seen in this light, plaintiff's reliance upon the following language in County of Essex, is also misplaced:
[A] plaintiff who has attempted to prove both breach of contract and unjust enrichment need not choose which one will go to the jury, as long as there is sufficient evidence as to both. Under proper instructions from the judge, the jury may decide which of the two was proved, and plaintiff will be able to recover under one of the theories.
[373 N.J.Super. at 556, 862 A.2d 1168 (quoting Caputo v. Nice-Pak Prods., Inc., 300 N.J.Super. 498, 504, 693 A.2d 494 (App.Div.), certif. denied, 151 N.J. 463, 700 A.2d 876(1997)).]
In Caputo, we recognized that a plaintiff could plead alternative theories of recovery, one based upon a valid contract, another based upon quasi-contract "that does not depend on there being an express contract." 300 N.J.Super. at 505, 693 A.2d 494. We noted that the only limitation was that "a plaintiff may recover on one or the other theory, but not both." Id. at 507, 693 A.2d 494.
However, in Caputo, the alternative claims rested upon two separate and mutually exclusive theories of recovery. One, that plaintiff was entitled to legal relief because defendant breached its contract. The other, that plaintiff was entitled to *465 equitable relief because although "there was no express contract providing for remuneration," "`[he] performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant[.]'" Ibid. (quoting VRG Corp., supra, 135 N.J. at 554, 641 A.2d 519). As we have already noted, plaintiff in this case has not pled two alternative causes of action. Instead, in his complaint, plaintiff alleged only one viable theory of recovery, i.e., defendants' violation of their duty to provide access to public records under OPRA or the common law by charging only those fees that were permitted.
We reject the notion that our holding would cause any undue hardship upon someone, allegedly like plaintiff, who seeks government records and must either pay the "excessive" fee or not obtain the record. Regardless of the choice such a requestor would make, he would still have a cause of action for relief. If he left the government agency without obtaining what he sought, he could argue the imposition of an impermissible, excessive fee essentially amounted to a denial of his request, and file a complaint in court or through the Government Records Counsel. N.J.S.A. 47:1A-6. This was the cause of action plaintiff alleged, but dismissed, in the first two counts of his complaint. A plaintiff could also seek mediation of the dispute in a more informal manner. N.J.S.A. 47:1A-7(d). We see no reason why the same options would not exist if a requestor paid the fee, essentially under protest, and then sought review in a timely fashion.
In our opinion, requiring plaintiff to challenge the imposition of allegedly excessive fees within forty-five days better serves "OPRA's purpose[,] [which] is both to provide access to government records and to provide it promptly." New Jersey Builders Ass'n v. New Jersey Council on Affordable Hous., 390 N.J.Super. 166, 183, 915 A.2d 23 (App.Div.), certif. denied, 190 N.J. 394, 921 A.2d 448 (2007) (emphasis added); see Mason, supra, 196 N.J. at 65, 951 A.2d 1017 ("OPRA calls for the prompt disclosure of government records."). We fail to see how waiting several months to challenge a fee as excessive better serves the expeditious resolution of disputes that OPRA clearly favors.
We contrast this with an argument plaintiff made before us, i.e., that no particular statute of limitations should apply to his claim for unjust enrichment, but rather the equitable doctrine of laches should serve as the only time limitation. Kopin v. Orange Prods., Inc., 297 N.J.Super. 353, 373, 688 A.2d 130 (App.Div.), certif. denied, 149 N.J. 409, 694 A.2d 194 (1997). Unlike the periods prescribed by statutes of limitations, the concept of laches is "characteristically flexible." Lavin v. Bd. of Ed., 90 N.J. 145, 151, 447 A.2d 516 (1982). This flexibility allows a court to apply a shorter or longer limitations period, as required by the interests of justice. Id. at 152 n. 1, 447 A.2d 516. Thus, accepting plaintiff's contention, there should not be a uniform period in which a plaintiff must challenge an excessive fee demand relating to public and government records. Instead, applying the concept of laches, "the central issue" would be whether it was "inequitable to permit the claim to be enforced[.]" Id. at 152-53, 447 A.2d 516.
We believe the Court has implicitly rejected such an amorphous standard when it comes to any issue regarding the public's access to government records. In rejecting the suggestion of an "open-ended or multi-year period[]" of limitations, the Court has said, "Viewed as a whole, citizens are entitled to swift access to public records, and both the public and governmental bodies are logically entitled to have any disputes brought and addressed in the same, rapid manner." Mason, supra, *466 196 N.J. at 69, 951 A.2d 1017 (emphasis added).
Lastly, plaintiff argues for the first time in his reply brief that the Rule's time limit should be relaxed in the "interest of justice." R. 4:69-6(c). The issue was never raised below. Nieder v. Royal Indemn. Ins. Co., 62 N.J. 229, 234, 300 A.2d 142 (1973). Moreover, "[r]aising an issue for the first time in a reply brief is improper." Borough of Berlin v. Remington & Vernick Engr's, 337 N.J.Super. 590, 596, 767 A.2d 1030 (App.Div.), certif. denied, 168 N.J. 294, 773 A.2d 1158 (2001). We do not view the issue to present a "`matter[] of great public interest'" so as to exercise our discretion and consider it now for the first time. Nieder, supra, 62 N.J. at 234, 300 A.2d 142 (quoting Reynolds Offset Co. v. Summer, 58 N.J.Super. 542, 548, 156 A.2d 737 (App.Div.1959), certif. denied, 31 N.J. 554, 158 A.2d 453 (1960)).
Affirmed.
NOTES
[1] Judge Axelrad did not participate in oral argument. However, the parties consented to her participation in the decision.
[2] Plaintiff refers to himself as "Clifford Goldsmith" in the Notice of Appeal. We utilize the name plaintiff used in his complaint.
[3] Plaintiff had earlier stipulated to the dismissal of his substantive causes of action under OPRA or the common law right of access. Plaintiff does not challenge on appeal the dismissal of his claim made under the CRA.
[4] See Mason, supra, 196 N.J. at 64-68, 951 A.2d 1017 for a discussion of the difference between a "government record" under OPRA, and a "public record" under the common law.