NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3933-12T2

JOSEPH P. VIRZI AND
SALLY VIRZI,

 Plaintiffs-Appellants,

v.

AIR CARGO GLOBAL CORPORATION,
AND SOPHIE PERSITS,

 Defendants-Respondents,

and

ACG SHIPPING WORLDWIDE,1

 Defendant.

______________________________

 Argued May 14, 2014 – Decided June 6, 2014

 Before Judges Fuentes, Simonelli and Haas.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, General Equity
 Part, Bergen County, Docket No. C-0072-12.

 Cindy D. Salvo argued the cause for
 appellants (The Salvo Law Firm, P.C.,
 attorneys; Ms. Salvo, on the briefs).

 Patrice E. LeTourneau argued the cause for
 respondents (McCusker, Anselmi, Rosen &

1
 A.C. Global incorrectly sued herein as ACG Shipping Worldwide.
 Carvelli, P.C., attorneys; Paul F. Carvelli
 and Ms. LeTourneau, on the brief).

PER CURIAM

 In this matter, plaintiff Joseph P. Virzi (plaintiff) and

his wife, Sally Virzi, sought repayment of loans plaintiff

allegedly made to defendant Air Cargo Global Corporation (Air

Cargo). They appeal from the March 18, 2013 final judgment,

which dismissed their amended complaint with prejudice following

a bench trial. We reverse and remand for further proceedings.

 We summarize the facts from the record. Air Cargo was

engaged in shipping goods overseas by ocean and air freight.

Defendant Sophie Persits (defendant) took over the business when

her father, who owned it, became ill. In October 2009,

defendant entered into an agreement to sell an eighty-five

percent share in the business to plaintiff's step-nephew,

Douglas Arena, for $1 million. Arena then took over the

business and defendant continued working there.

 Plaintiff gave Arena over $100,000 to invest in Air Cargo;

however, Arena never invested plaintiff's money in the company

and never paid defendant. Instead, he pilfered Air Cargo and

absconded with nearly $300,000, leaving the company in dire

financial condition.

 Plaintiff wired $60,000 and $20,000 directly to Air Cargo's

landlord. Plaintiff claimed the $80,000 was a loan to the

 2 A-3933-12T2
company that defendant promised to repay. Defendant admitted

that: plaintiff was not an investor in Air Cargo; the $80,000

plaintiff paid to Air Cargo's landlord was for Air Cargo's rent;

the $80,000 was a legitimate debt that Air Cargo owed to

plaintiff; and Air Cargo would have repaid plaintiff if it had

remained in business. Defendant also admitted that Air Cargo

owed plaintiff at least $50,000, which was listed in the

liability section of Air Cargo's corporate balance sheets as a

"notes payable" to plaintiff. Air Cargo did not remain in

business because defendant dissolved it in order to avoid

creditors. Defendant formed A.C. Global, transferred Air

Cargo's assets to that company, and conducted essentially the

same type of business that Air Cargo conducted.

 Despite defendant's admissions, the trial judge found that

plaintiff made no loan to Air Cargo, and dismissed the complaint

with prejudice. Having reached this conclusion, the judge did

not address whether A.C. Global is liable to repay plaintiff

under the rules of successor liability.

 Our review of a trial court's fact-finding in a non-jury

case is limited. Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J.

150, 169 (2011). "'The general rule is that findings by the

trial court are binding on appeal when supported by adequate,

substantial, credible evidence. Deference is especially

 3 A-3933-12T2
appropriate when the evidence is largely testimonial and

involves questions of credibility.'" Ibid. (quoting Cesare v.

Cesare, 154 N.J. 394, 411-12 (1998)). We "should not disturb

the factual findings and legal conclusions of the trial judge

unless [we are] convinced that they are so manifestly

unsupported by or inconsistent with the competent, relevant and

reasonably credible evidence as to offend the interests of

justice." Ibid. (internal quotation marks omitted). However,

we owe no deference to a trial court's interpretation of the

law, and review issues of law de novo. State v. Parker, 212

N.J. 269, 278 (2012); Mountain Hill, L.L.C. v. Twp. Comm. of

Middletown, 403 N.J. Super. 146, 193 (App. Div. 2008), certif.

denied, 199 N.J. 129 (2009). We also review mixed questions of

law and fact de novo. In re Malone, 381 N.J. Super. 344, 349

(App. Div. 2005).

 We conclude there is no competent evidence supporting the

judge's finding that there was no loan. Rather, defendant's

admissions, which the judge ignored, confirmed that plaintiff

was not an investor; there was a $50,000 "notes payable" to

plaintiff; the $80,000 plaintiff paid to Air Cargo's landlord

was for Air Cargo's rent; and the $80,000 was a legitimate debt

that Air Cargo owed to plaintiff and would have repaid had it

remained in business. Because Air Cargo clearly benefitted from

 4 A-3933-12T2
the $80,000, the judge should have applied the doctrine of

unjust enrichment.

 We have held that

 [t]he doctrine of unjust enrichment rests on
 the equitable principle that a person shall
 not be allowed to enrich himself unjustly at
 the expense of another. A cause of action
 for unjust enrichment requires proof that
 defendant[s] received a benefit and that
 retention of that benefit without payment
 would be unjust. Unjust enrichment is not
 an independent theory of liability, but is
 the basis for a claim of quasi-contractual
 liability. We have recognized, however,
 that a claim for unjust enrichment may arise
 outside the usual quasi-contractual setting.

 [Goldsmith v. Camden Cnty. Surrogate's
 Office, 408 N.J. Super. 376, 382 (App. Div.)
 (alteration in original) (citations and
 internal quotation marks omitted), certif.
 denied, 200 N.J. 502 (2009).]

We are satisfied that what occurred in this case fits squarely

within the concept of unjust enrichment. Accordingly, we

reverse and remand for the court to consider whether A.C. Global

is liable to repay plaintiff under the rules of successor

liability.

 Reversed and remanded for further proceedings consistent

with this opinion. We do not retain jurisdiction.

 5 A-3933-12T2