**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2287-14T4


PATERSON CITY,

    Plaintiff-Respondent,

v.

PATERSON COALITION FOR
HOUSING, INC.,

    Defendant-Appellant,

and

ROYAL TAX LIEN SERVICES, L.L.C.,

    Third-Party Defendant-
    Respondent.

_____

        Argued January 25, 2017 — Decided February 23, 2017

        Before Judges Simonelli and Carroll.

        On appeal from the Tax Court of New Jersey,
        Docket No. 11021-2008.

        Kevin Weinman argued the cause for appellant
        (Belsole & Kurnos, LLC, attorneys; Mr.
        Weinman, on the brief).

        Douglas E. Burry argued the cause for
        respondent Paterson City (Saponaro Law Group,
        attorneys; Justin J. Yost, on the brief).

Robert W. Keyser argued the cause for respondent Royal Tax Lien Services, L.L.C. (Taylor and Keyser, attorneys, join in the brief of respondent Paterson City).

PER CURIAM

Defendant Paterson Coalition For Housing, Inc. (Coalition) appeals from the December 5, 2014 Tax Court order, which granted the motion of plaintiff Paterson City (City) to voluntarily dismiss its complaint with prejudice pursuant to Rule 4:37-1(b), and denied Coalition's cross-motion to invalidate a tax sale certificate, among other things. We affirm.

We derive the following facts from the record. Coalition, a non-profit corporation, owned property in Paterson (the property). In October 2007, Coalition applied for a property tax exemption based on its status as a charitable organization. The tax assessor denied an exemption. Coalition filed an appeal with the Passaic County Board of Taxation (Board). On June 24, 2008, the Board affirmed the assessment of the property at $1,583,000 and entered judgment for an exemption, but only for one year from the second half of tax year 2008 to the first half of tax year 2009 (the one-year exemption).

In August 2008, the City filed a complaint in the Tax Court, appealing the one-year exemption. Coalition did not file a

complaint, answer, or counterclaim in the Tax Court challenging the one-year exemption.

For the tax years 2009 to 2012, the City assessed and taxed the property as non-exempt. Coalition paid the property taxes for the first two quarters of tax year 2008, but paid nothing thereafter. Coalition did not file an appeal of the non-exempt tax assessments for the tax year 2009 or thereafter.

On June 25, 2009, the City held a tax sale of the property. Defendant Royal Tax Lien Services, LLC (Royal) purchased a tax sale certificate. On March 21, 2012, Royal filed a complaint against the City, Coalition, and other defendants in the Superior Court, Chancery Division, to bar the right of redemption and foreclose on the property.

Coalition filed an answer in the foreclosure matter, challenging the validity of the tax sale and tax sale certificate. Coalition alleged that the City improperly included taxes for the one-year exemption period in calculating the deficient property taxes, and failed to give Coalition credit for taxes it paid for the first and second quarters of tax year 2008.

Coalition subsequently filed a motion in the Tax Court, on notice to Royal, to invalidate the tax sale certificate. On October 19, 2012, the Tax Court entered a consent order permitting Royal to intervene as a third-party defendant and file a

counterclaim or third-party complaint. Royal filed no pleading, and Coalition did not file a third-party complaint against Royal. On May 3, 2013, the Tax Court entered an order denying Coalition's motion without prejudice, finding that the court must first resolve the City's appeal of the one-year exemption.

On February 6, 2014, the Chancery Division judge entered a consent order, which deemed Coalition's answer in the foreclosure matter to be non-contesting and returned the matter to the Foreclosure Section for processing as an uncontested foreclosure. The consent order did not transfer the matter to the Tax Court; it merely stayed the filing of a motion to enter final judgment until thirty days after final resolution of the City's Tax Court appeal.

The City subsequently filed a motion in the Tax Court for voluntary dismissal of the complaint with prejudice pursuant to Rule 4:37-1(b). Coalition filed a cross-motion to: (1) invalidate the tax sale certificate; (2) apply the Freeze Act to the two assessment years succeeding the one-year exemption; (3) void the one-year exemption; and (4) permit Coalition to contest the non-exempt tax assessments for the tax years 2009 to 2012.

In a December 5, 2014 order, Tax Court Judge Kathi F. Fiamingo granted the City's motion and denied Coalition's cross-motion. In an oral opinion, the judge found that Coalition did not file an

answer, counterclaim, third-party complaint, or a tax appeal contesting the validity of the tax lien, tax sale certificate, or non-exempt assessments for the tax year 2009 and thereafter. The judge, thus, concluded that the court lacked jurisdiction to consider the issues raised in Coalition's motion. The judge determined that the only issue before her was the City's appeal of the one-year exemption, and since the City's complaint was dismissed with prejudice, the issue was resolved, the one-year exemption was valid, and any taxes collected for the one-year exemption period would be refunded. The judge emphasized that Coalition was not without remedy, as it could contest the validity of the tax lien and tax sale certificate before the Chancery Division in the foreclosure matter.

Citing Boys' Club of Clifton, Inc. v. Jefferson Township, 72 N.J. 389 (1977) and County of Essex v. East Orange, 214 N.J. Super. 568 (App. Div.), certif. denied, 107 N.J. 120 (1987), Judge Fiamingo found that Coalition was not entitled to relief under the Freeze Act because it did not file appeals from the one-year exemption and the non-exempt tax assessments for the tax year 2009 and therafter.

Lastly, citing F.M.C. Stores v. Borough of Morris Plains, 100 N.J. 418 (1985), and Lawrenceville Garden Apartments v. Township of Lawrence, 14 N.J. Tax 285 (App. Div. 1994), the judge emphasized

there must be strict adherence to statutory filing deadlines. The judge found that Coalition's failure to file a timely appeal was a "fatal jurisdictional defect," and the "failure to file a timely complaint divest[ed] th[e] [c]ourt of jurisdiction even in the absence of harm to the [City]." The judge concluded that the court lacked jurisdiction to grant relief for the tax year 2009 and thereafter.

In a January 29, 2015 written amplification submitted pursuant to Rule 2:5-1(b), Judge Fiamingo added that the City was also entitled to voluntary dismissal pursuant to Rule 8:3-9.[1] The judge reiterated that Coalition did not file an answer, counterclaim, third-party complaint, or a tax appeal contesting the validity of the tax lien, tax sale certificate, or non-exempt assessments for the tax year 2009 and thereafter. The judge also factually distinguished Hackensack v. Bergen County, 24 N.J. Tax 390 (App. Div. 2009), from the facts in this case, and found the holding therein did not apply here to grant Coalition relief under the Freeze Act.

---

[1] Rule 8:3-9 provides that "[w]hether or not a responsive pleading has been filed, a complaint or a counterclaim may be withdrawn at any time prior to the close of the proofs before the Tax Court and thereafter with leave of [c]ourt."

The judge also found that even if the Freeze Act applied, relief to Coalition was premature, as the Board's judgment granting the one-year exemption was not final until after dismissal of the City's complaint. Nevertheless, the judge concluded that Coalition's failure to file an appeal from the denial of the exemption for the tax year 2009 and thereafter "removed the issue from being considered by [the] court."

On appeal, Coalition contends that the Tax Court had jurisdiction under N.J.S.A. 2B:13-2 and -3(a) to resolve its challenge to the validity of the tax sale certificate. Coalition argues that the failure to file a formal pleading contesting the validity of the tax sale certificate was insufficient grounds to reject the challenge, and the issue was properly before the Tax Court by virtue of both the consent order permitting Royal to intervene and Coalition's motion to invalidate the tax sale certificate.[2] Coalition also contends that the Tax Court erred by rejecting its claim under the Freeze Act, and it raises other

---

[2] We decline to address Coalition's judicial estoppel argument, raised for the first time in its reply brief. Coalition did not raise this argument before the Tax Court, and it is not jurisdictional in nature nor does it present a matter of great public interest. Goldsmith v. Camden Cnty. Surrogate's Office, 408 N.J. Super. 376, 387 (App. Div.), certif. denied, 200 N.J. 502 (2009). Moreover, it is improper to raise issues for the first time in a reply brief that do not present a matter of great public interest. Goldsmith v. Camden Cnty. Surrogate's Office, 408 N.J. Super. 376, 387 (App. Div.), certif. denied, 200 N.J. 502 (2009).

contentions relating to the tax sale certificate. All of Coalition's contentions lack merit.

"The Tax Court is a court of limited jurisdiction." Prime Accounting Dep't v. Twp. of Carney's Point, 212 N.J. 493, 505 (2013) (citing McMahon v. City of Newark, 195 N.J. 526, 546 (2008)). "In accordance with its constitutional authority to 'establish[ ], alter[ ] or abolish[ ] by law' courts of limited jurisdiction, the Legislature created the Tax Court by statute in 1978." Ibid. (quoting N.J. Const. art. VI, § 1, ¶ 1; N.J.S.A. 2B:13-1). "Its jurisdiction is constrained by the language of its enabling statutes." Ibid. "The Tax Court has the 'authority to review actions or regulations with respect to a tax matter' concerning state agencies and officials, county boards of taxation and county and municipal officials." Ibid. (quoting N.J.S.A. 2B:13-2(a)). "In 1993, its jurisdiction was expanded to include 'actions cognizable in the Superior Court which raise issues as to which expertise in matters involving taxation is desirable, and which have been transferred to the Tax Court pursuant to the Rules of the Supreme Court.'" Id. at 505-06 (quoting N.J.S.A. 2B:13-2(b)); see also R. 8:2(a) (providing that "[t]he Tax Court shall also have jurisdiction over any action cognizable in the Superior Court that raises any issue as to which expertise in taxation is desirable and that has been transferred to the Tax Court pursuant

to Rule 4:3-4(a)" (emphasis added)); R. 4:3-4(a) (providing that "[t]he [Superior] [C]ourt in which an action is pending may order it transferred to the Tax Court provided that the principal issue or issues raised therein are cognizable in that court.").

"The Tax Court also has jurisdiction 'over any other matters as may be provided by statute.'" Id. at 506 (quoting N.J.S.A. 2B:13-2(c)). "It may exercise any powers that may be necessary to effectuate its decisions, judgments and orders . . . and 'grant legal and equitable relief so that all matters in controversy between the parties may be completely determined.'" Ibid. (citing N.J.S.A. 2B:13-2(d), -3(a)). "The Tax Court's judgments may be directly appealed, as of right, to the Appellate Division." Ibid. (citing N.J.S.A. 2B:13-4).

The procedure for filing tax appeals is as follows, in pertinent part

> [A] taxpayer feeling aggrieved by the assessed valuation of the taxpayer's property, or feeling discriminated against by the assessed valuation of other property in the county, or a taxing district which may feel discriminated against by the assessed valuation of property in the taxing district . . . may on or before April 1, or 45 days from the date the bulk mailing of notification of assessment is completed in the taxing district, whichever is later, appeal to the county board of taxation by filing with it a petition of appeal; provided, however, that any such taxpayer or taxing district may on or before April 1, or 45 days from the date the bulk

> mailing of notification of assessment is completed in the taxing district, whichever is later, file a complaint directly with the Tax Court, if the assessed valuation of the property subject to the appeal exceeds $1,000,000[.]
>
> . . . .
>
> If a . . . complaint is filed on April 1 or during the 19 days next preceding April 1, a taxpayer or taxing district shall have 20 days from the date of service of the . . . complaint to file a . . . counterclaim with the Tax Court[.]
>
> [N.J.S.A. 54:3-21(a)(1).]

"Thus, a tax appeal [or counterclaim] must be filed on behalf of an aggrieved taxpayer within the meaning of N.J.S.A. 54:3-21." Prime Accounting Dep't, supra, 212 N.J. at 506. N.J.S.A. 54:3-21(a)(1) does not permit the filing of a consent order or motion as substitutes for a tax appeal or counterclaim. Even if it did, the consent order and motion were both filed outside the statutory deadline.

"The timeliness of a tax appeal is critical." Id. at 507. "N.J.S.A. 54:3-21 imposes a strict deadline of 'April 1, or 45 days from the date the bulk mailing of notification of assessment is completed in the taxing district, whichever is later[.]'" Ibid. (quoting N.J.S.A. 54:3-21). "[B]oth appealing taxpayer and taxing districts must adhere strictly to the deadlines prescribed by statute. Failure to file a timely appeal [or counterclaim] is a

fatal jurisdictional defect." F.M.C., supra, 100 N.J. at 425 (citation omitted).

Coalition failed to adhere to the strict deadlines prescribed by N.J.S.A. 54:3-21. Coalition did not file a tax appeal or counterclaim with the Tax Court challenging the one-year exemption, the non-exempt assessments for the tax year 2009 and thereafter, the tax lien, or the tax sale certificate. Its failure to do so divested the Tax Court of jurisdiction to consider these issues.

We reach the same conclusion as to the Freeze Act. The Freeze Act provides, in pertinent part, as follows:

> [T]he judgment of the county board shall be conclusive and binding upon the municipal assessor and the taxing district for the assessment year, and for the two assessment years succeeding the assessment year, covered by the judgment, except as to changes in value of the property occurring after the assessment date.
>
> [N.J.S.A. 54:3-26.]

Construing the Freeze Act, our Supreme Court has found that a "judgment with respect to valuation in one year 'shall be conclusive and binding . . . for the assessment year and for the [two] assessment years succeeding the assessment year covered by the [County Board of Taxation's] final judgment[.]'" Boys' Club of Clifton, supra, 72 N.J. at 405 (quoting Union Terminal Cold

Storage Co. v. Spence, 17 N.J. 162, 167 (1954)).  However, the Freeze Act "has no application, either by its phraseology or its obvious intent, to determinations of the tax exempt status." Newark v. Fischer, 8 N.J. 191, 200 (1951); see also Boys' Club of Clifton, supra, 72 N.J. at 405.  The Court made clear that an aggrieved taxpayer must file an appeal of the denial of that status, "even though a judgment of exemption had been entered for the prior year."  Boys' Club of Clifton, supra, 72 N.J. at 405. Because Coalition did not file an appeal from the denial of tax exempt status for an additional two years, the Tax Court lacked jurisdiction to consider this issue.

The order entered on December 5, 2014 is affirmed.  The parties may return to the Chancery Division to consider Coalition's challenge to the validity of the tax lien and tax sale certificate. We express no view as to the merits of that challenge.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12

A-2287-14T4