**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2675-17T4

SIGALIT SHAZO,

      Plaintiff-Respondent/
      Cross-Appellant,

v.

MARIA ANGELA MARTINO,

      Defendant-Appellant/
      Cross-Respondent,

and

BRET ALVAREZ,

      Defendant.

_____

      Submitted February 26, 2019 – Decided July 24, 2019

      Before Judges Rothstadt and Natali.

      On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. DC-007914-17.

      Harold P. Cook III & Associates, attorneys for appellant/cross-respondent (Joseph Jerome Fell, on the briefs).

Robert M. Mayerovic, attorney for respondent/cross-appellant.

PER CURIAM

Defendant Maria Martino, a former owner of a residence that was the subject of a foreclosure, and plaintiff Sigalit Shazo, the successful bidder at the sheriff's sale of defendant's home, filed cross appeals from a Special Civil Part judgment in favor of plaintiff entered after a bench trial. The judgment awarded damages to plaintiff as reimbursement for taxes and sewer/water bills that she incurred during defendant's continued occupancy of the premises from after a sheriff's sale until defendant vacated, just days before the execution of a Writ of Possession. The judgment did not include plaintiff's interest expense on her purchase money loan for the same period. Judge Frank Covello awarded the damages based upon the doctrine of unjust enrichment and denied the interest expense because there was no evidence of the amount incurred and no notice to defendant that the expense was being realized.

On appeal, defendant argues there was no direct relationship between her and plaintiff or expectation of remuneration to support the judge's unjust enrichment finding. Plaintiff contends the judge incorrectly determined that she had to prove notice of the interest expense before being able to recover it from

defendant. We find no merit to either party's contention and affirm substantially for the reasons expressed by Judge Covello.

The material facts developed at trial were generally undisputed. They are summarized as follows. Prior to a successful foreclosure, defendant owned a residential property in Clifton. On January 7, 2017, plaintiff successfully bid on the property at a sheriff's sale and paid the purchase price in full by February 23, 2017. Plaintiff secured a Writ of Possession that required defendant to vacate the premises by August 14, 2017. Defendant vacated the premises two days before the deadline.

In July 2017, plaintiff filed a complaint for damages in the amount of $15,000. The complaint's five counts asserted claims for defendant's "reasonable . . . use and occupancy" of the premises, the "reasonable value of goods and services provided," breach of contract, "book account," and "unjust[] enrich[ment]." Plaintiff sought to recover the expenses she incurred for property taxes and sewer charges during the period from January 30, 2017 through July 27, 2017 as well as the interest costs she realized during that time.

Thereafter, defendant filed a motion for summary judgment. Judge Covello granted the motion in part, dismissing four of the complaint's five counts, leaving for trial plaintiff's claim for damages under unjust enrichment.

A-2675-17T4

As to plaintiff's remaining claim, Judge Covello conducted a bench trial on January 25, 2018. At the trial, both parties testified. In her testimony, plaintiff explained that real estate taxes for the third quarter of 2017 remained unpaid when she purchased the property and she immediately paid $9757 to satisfy them, as well as paying sewer and water charges in the amount of $696. Plaintiff also explained that she borrowed funds to purchase the property and incurred an interest expense of $5817 during defendant's continued possession of the premises.

Judge Covello entered judgment in favor of plaintiff in the amount of $8809.53, the amount plaintiff incurred for taxes and water/sewer charges during the subject period of defendant's occupancy of the premises. The judge placed his reasons for awarding the judgment on the record on the same date. In his oral decision, the judge distinguished between taxes and water/sewer charges that defendant was aware she was incurring while continuing to reside at the premises, as compared to plaintiff's mortgage interest expenses, which defendant did not know were being incurred. As to the utility charges, the judge noted that defendant had continued to pay her gas and electric charges while she remained in possession of the premises so she was aware of her continuing obligation to not only pay for those, but also for the water/sewer charges and

4

taxes associated with her being an owner and then occupant of the premises after title passed to plaintiff. He also found that there was no evidence of the reasonable rental value of the property for the period that defendant remained in possession. The judge awarded damages in the amount of $522.03 for sewer charges, $174.52 for water charges and pro-rated taxes of $8112.98. This appeal followed.

Final determinations made by a trial court "premised on the testimony of witnesses and written evidence at a bench trial" are reviewed in accordance with a deferential standard. D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013). "[W]e do not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice[.]" Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (second alteration in original) (quoting In re Tr. Created By Agreement Dated December 20, 1961, 194 N.J. 276, 284 (2008)). However, a trial court's legal determinations are not entitled to any special deference and are reviewed de novo. D'Agostino, 216 N.J. at 182 (citing Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

On appeal, defendant does not challenge Judge Covello's factual findings. Rather, she argues that his legal conclusion applying the doctrine of unjust enrichment and finding that plaintiff proved "a direct relationship between the parties" and an "expectation for remuneration" were not supported by the record. We disagree.

"The doctrine of unjust enrichment rests on the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another." Goldsmith v. Camden Cty. Surrogate's Office, 408 N.J. Super. 376, 382 (App. Div. 2009) (internal quotation marks omitted). "To establish a claim for unjust enrichment, 'a [party] must show both that [the opposing party] received a benefit and that retention of that benefit without payment would be unjust.'" Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 110 (2007) (quoting VRG Corp. v. GKN Realty Corp., 135 N.J. 539, 554 (1994)). "That quasi-contract doctrine also 'requires that plaintiff show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights.'" Thieme v. Aucoin-Thieme, 227 N.J. 269, 288 (2016) (quoting Iliadis, 191 N.J. at 110). In other words, the plaintiff must demonstrate that the "defendant[s] received a benefit and that retention of that benefit without payment would be

unjust." Goldsmith, 408 N.J. Super. at 382 (alteration in original) (internal quotation marks omitted).

Defendant asserts that because no relationship existed between her and plaintiff, unjust enrichment could not form a basis for plaintiff to recover. Defendant relies upon our holding in Castro v. NYT Television, 370 N.J. Super. 282, 300 (App. Div. 2004), in which we determined unjust enrichment was not applicable to a claim made by a member of the "general public who [was] subject to videotaping for a television program." We held that the individual in that case could not "reasonably expect that he or she will receive payment from the producer of the show" for being in the video tape as "no direct relationship existed between the parties which would create a reasonable expectation of benefit. . . ." Ibid. (alteration in original) (quoting Fasching v. Kallinger, 211 N.J. Super. 26, 35 (App. Div. 1986)). We conclude plaintiff's reliance here on that holding is inapposite.

Here, defendant continued to use and occupy the premises without paying taxes or for her use of the utilities. She either knew or should have known that she would be responsible for those payments and that in order to avoid liens, either her former foreclosing mortgagee or plaintiff, a purchaser at a sheriff's sale, would be responsible to pay those charges. Unlike the plaintiff in Castro,

a relationship existed between the parties warranting plaintiff's recovery under unjust enrichment.

We find no merit to defendant's other contention that because she did not have an expectation of reimbursing plaintiff, even though she might have had one as to her mortgagee, she was not obligated to pay plaintiff after plaintiff made the necessary payments. Suffice it say, unjust enrichment's expectation requirement relates to <u>plaintiff's</u> reasonable expectation of payment from defendant, not the reverse.

We reach a similar conclusion as to plaintiff's challenge to Judge Covello's determination that defendant could not be held liable for plaintiff's interest expense. In support of her contention, plaintiff relies upon N.J.S.A. 2A:35-2, which applies to actions for ejectment. The statute provides that in such actions a defendant may be held liable for a plaintiff's "incidental damages, including mesne profits,[1] and the full value of the use and occupation of the premises . . . during which the defendant was in possession thereof." We find such reliance also to be inapposite.

---

[1] Mesne profits are understood to include the "[v]alue of use or occupation of land during time it was held by one in wrongful possession and is commonly measured in terms of rents and profits." <u>Black's Law Dictionary</u> 990 (6th ed. 2010).

A-2675-17T4

First, plaintiff never asserted a cause of action for ejectment as his complaint does not mention the statute or the claim. Moreover, plaintiff never argued its application to Judge Covello. For that reason, we chose to not consider her contention on appeal. See Correa v. Grossi, 458 N.J. Super. 571, 576 n.2 (App. Div. 2019); State v. Robinson, 200 N.J. 1, 20 (2009) ("[A]ppellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest" (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973))).

Second, even if plaintiff raised the issue at trial, we conclude Judge Covello correctly determined that unlike the utility and taxes charge about which defendant was aware, the statute did not support recovery of an interest expense about which she had no knowledge. Reimbursement for that type of expense would be subsumed by a valid claim for the reasonable value of the use and occupancy of the property, or mesne profits, about which plaintiff failed to adduce any evidence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2675-17T4