## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 19, 2020

Lyle W. Cayce
Clerk

No. 19-20176

———————

EDMINSTER, HINSHAW, RUSS AND ASSOCIATES, INCORPORATED,
doing business as EHRA Engineering,

Plaintiff - Appellee Cross-Appellant

v.

DOWNE TOWNSHIP,

Defendant - Appellant Cross-Appellee

———————

Appeals from the United States District Court
for the Southern District of Texas

———————

Before KING, COSTA, and HO, Circuit Judges.

GREGG COSTA, Circuit Judge:

Parties often choose to have their contracts governed by the law of a particular state. But what if a dispute later arises about whether the parties entered into a contract in the first place? Does the choice-of-law provision apply when deciding a question of contract formation? This appeal poses that chicken-or-the-egg question.

## I.

Hurricane Sandy wreaked havoc on New Jersey's Downe Township. FEMA awarded Downe a $2.5 million grant. But there was no guarantee the township would get to use all that money. FEMA could withhold funds if Downe failed to comply with grant requirements. So Downe had to identify and complete FEMA-compliant projects. The township's mayor, Robert

No. 19-20176

Campbell, sought help from an engineering firm located halfway across the country in Houston, a city that knows a thing or two about hurricane relief projects.

The firm, Edminster, Hinshaw, Russ and Associates (EHRA), and Mayor Campbell signed a Professional Services Agreement. The document provides that Texas law "govern[s] the validity of this Agreement, the construction of its terms, and the interpretation of the rights and duties of the parties." It further states that Mayor Campbell has authority to bind Downe, but that the agreement does not create a debt against the township. Downe's governing body, the Township Committee, never approved the agreement.

Over the next six months, EHRA assisted Downe with FEMA-related projects and billed the township close to $400,000. Downe never paid EHRA. EHRA eventually stopped working.

EHRA sued the township for breach of contract and unjust enrichment in the Southern District of Texas. Among other things, the township defended on the ground that the agreement was "not binding on Downe." The district court disagreed and granted summary judgment in EHRA's favor on the issue of contract liability.

The court then held a bench trial to determine damages and attorney's fees. It awarded EHRA $245,422 in damages and $126,500 in attorney's fees. Because of the award on the contract claim, the court never addressed EHRA's unjust enrichment claim.

The township appeals. Among other things, it argues that it never entered into a contract with EHRA because its legislative body did not approve the agreement. EHRA also appeals. It contends that the district court should have awarded more damages.

2

## II.

The New Jersey Local Public Contracts Law says that a municipality like Downe can contract for professional services exceeding $17,500 only "by resolution of the governing body." *See* N.J. STAT. ANN. § 40A:11-5(1)(a)(i); *see also id*. §§ 40A:11-3(a), 40A:11-4(a). The governing body must "state supporting reasons" for awarding the contract in its resolution and publish notice of the resolution in "the official newspaper." *Id.* § 40A:11-5(1)(a)(i). These requirements, which exist in many states, are aimed at "the avoidance of waste, extravagance and ill-considered spending." *Slurzberg v. City of Bayonne*, 148 A.2d 171, 176 (N.J. 1959); *see also St. Barnabas Med. Ctr. v. Essex Cty.*, 543 A.2d 34, 39 (N.J. 1988). And the rule that a municipality has contracting authority only when its governing body grants it that power is not some special feature of public contracting law; it follows from the broader principle that a "public body may only act by resolution or ordinance." *Kress v. La Villa*, 762 A.2d 682, 687 (N.J. Super. Ct. App. Div. 2000) (quoting *Midtown Props., Inc. v. Twp. of Madison*, 172 A.2d 40, 46 (N.J. Super. Ct. Law Div. 1961)).

As a result of the Public Contracts Law, purported "contracts" that a New Jersey township's governing body does not approve are not contracts. *Id.* at 686. In other words, they do not exist. *Id.* That is the status for the document EHRA seeks to enforce. Mayor Campbell's signature cannot replace the statutory mandate for a resolution from Downe's governing body. *See id.* at 687. Without the Township Committee's approval, Downe "did not and could not enter into a contract." *Id.*

EHRA's principal response is that New Jersey law on public contracts does not matter because the Professional Services Agreement says that Texas

law governs.[1] As an initial matter, it seems illogical to use Texas law to define the powers of an entity that is the creation of New Jersey law. *Wagner v. Mayor and Mun. Council of City of Newark*, 132 A.2d 794, 503 (N.J. 1957) ("[M]unicipalities are but creatures of the State, limited in their powers and capable of exercising only those powers of government granted to them by the Legislature."); *see also* RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 187(2) cmt. g ("Fulfillment of the parties' expectations is not the only value in contract law; regard must also be had for state interests and state regulation."). And Texas does not have "townships," so what law would there be to apply?[2]

The disconnect of using Texas law to determine a New Jersey township's capacity to contract exposes the more fundamental problem with EHRA's argument: the choice-of-law provision has force only if the parties validly formed a contract. *Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 119 (2d Cir. 2012) ("Applying the choice-of-law clause to resolve the contract formation issue would presume the applicability of a provision before its adoption by the parties has been established."); *Trans-Tec Asia v. M/V Harmony Container*, 518 F.3d 1120, 1124 (9th Cir. 2008) ("[W]e cannot rely on the choice of law provision until we have decided, as a matter of law, that such a provision was a valid contractual term and was legitimately incorporated into the parties' contract."); *B-S Steel of Kan., Inc. v. Tex. Indus., Inc.*, 439 F.3d 653, 661 n.9 (10th Cir. 2006) (referring to "the logical flaw inherent in applying a

---

[1] EHRA also implies that Downe should be judicially estopped from arguing that the agreement was invalid because Downe "strenuously urged" it was valid in the district court. While EHRA did emphasize in the district court that Downe changed its position, it never asserted judicial estoppel. Indeed, it does not expressly do so even on appeal. As a result, that argument is forfeited.

[2] If we applied the law governing Texas cities and counties to a New Jersey township, there would still need to be an "express authorization by vote of the governing body reflected in the minutes." *S. Disposal, Inc. v. City of Blossom*, 165 S.W.3d 887, 893 (Tex. App.—Texarkana 2005, no pet.). So it does not appear the result would be any different under Texas law. But as discussed above, we need not resolve that question.

contractual choice of law provision before determining whether the underlying contract is valid"). If the parties did not enter into a contract, then there is no choice-of-law clause to apply.

The requirements of the New Jersey Public Contracts Law go to this preliminary question of contract formation. To form a contract, each party must have capacity. 5 WILLISTON ON CONTRACTS § 9:1 (4th ed. 2019). Common examples of those who lack capacity are minors or incompetent adults. *Id.* Although a less prominent example, a municipality that lacks legislative authority to enter into an agreement is another type of incapacity. *See, e.g., Carolina Power & Light Co. v. Darlington Cty.*, 431 S.E.2d 580, 583 (S.C. 1993) (characterizing a city official's "lack of authorization from the municipal government" to contract as a capacity problem); *cf. Kress*, 762 A.2d at 687 (explaining that a New Jersey municipality lacks power to enter into a contract unless it complies with the Public Contracts Law); WILLISTON ON CONTRACTS, *supra*, § 11:10 (discussing the capacity of corporations to enter into contracts). EHRA argues that a municipality's incapacity is not as big a deal as a minor's incapacity. But there are not degrees of capacity. A party has the power to contract or it does not. Without capacity, there is no contract. And without a contract, a choice-of-law provision has no effect. So just as infants or incompetent adults would not be bound by a choice-of-law provision in a contract they could not agree to, Downe Township is not bound by the Texas choice-of-law provision in a document it never approved.

That a contract never existed also defeats EHRA's reliance on the provision stating that Mayor Campbell has the authority to bind the township. The reasoning behind such a provision is circular—Mayor Campbell cannot "vest himself with contractual capacity by stating in the contract that he has such capacity." RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 187 cmt. d. And allowing mayors to vest themselves with capacity would usurp the

No. 19-20176

legislative authority of township committees and undermine the public-notice and accountability concerns the Public Contracts Law promotes.

Nor can EHRA complain that it did not know about New Jersey's public contracting requirements. As courts in both New Jersey and Texas have recognized, those contracting with the government "are charged by law with notice of the limits of governmental officers' authority and are bound at their peril to ascertain if the contemplated contract is properly authorized." *S. Disposal, Inc. v. City of Blossom*, 165 S.W.3d 887, 894 (Tex. App.—Texarkana 2005, no pet.); *see also Kress*, 762 A.2d at 687.

Downe Township never entered into a contract with EHRA. Its citizens thus cannot be liable for nearly $400,000 on a breach-of-contract theory.

### III.

The township may, however, be liable for any benefits it received from EHRA. As mentioned earlier, EHRA also asserted an unjust enrichment claim. It ended up not seeking judgment on that equitable claim given its success on the contract claim. That efficient choice does not result in forfeiture of the unjust enrichment claim now that the contract victory has been wiped away. A party cannot recover on both a contractual and quasicontractual theory; success on the former precludes success on the latter. *Goldsmith v. Camden Cty. Surrogate's Office*, 975 A.2d 459, 464–65 (N.J. Super. Ct. App. Div. 2009) (recognizing that breach of contract and unjust enrichment are mutually exclusive theories of recovery). The district court's finding of contractual liability thus implicitly rejected the unjust enrichment claim. *See Sch. Bd. of Avoyelles Par. v. U.S. Dep't of Interior*, 647 F.3d 570, 577 (5th Cir. 2011). Indeed, the district court limited the bench trial to the reasonableness of EHRA's invoiced amounts and attorney's fees. EHRA did not give up its back-up equitable theory by winning on its primary breach-of-contract theory in the district court.

No. 19-20176

Beyond claiming that unjust enrichment is no longer part of the case, the township argues that the equitable claim is an impermissible end run around the Public Contracts Law. In some circumstances, though, New Jersey courts have allowed private parties to pursue unjust enrichment claims against municipalities. *See St. Barnabas Med. Ctr.*, 543 A.2d at 42; *Law Offices of Gold, Albanese, Barletti & Velazquez v. Jersey City Mun. Utils. Auth.*, 2008 WL 656892, at \*3–4 (N.J. Super. Ct. App. Div. March 13, 2008) (per curiam). *But see Slurzberg*, 148 A.2d at 176 (noting that the public contracting laws cannot be circumvented by "the equitable principles of estoppel or unjust enrichment"). We leave it to the district court to decide in the first instance, with the benefit of full briefing, whether EHRA's unjust enrichment claim is viable. The district court should also consider any defenses the township has raised, including the statute of limitations.

\* \* \*

The judgment on the breach-of-contract claim is REVERSED and RENDERED. The case is REMANDED for consideration of the unjust enrichment claim.