594 A.2d 1358

BERNARD LAUFGAS, PLAINTIFF, v. PATRICIA M. DRAKE
AND NICHOLAS V. CAPUTO, DEFENDANTS.

Superior Court of New Jersey
Law Division Essex County

April 23, 1991.

*Bernard Laufgas*, plaintiff, *pro se.*

*Norman Schulaner* for defendants (*Francis P. McQuade,* Essex County Counsel, attorney).

FAST, J.S.C.

Plaintiff, Bernard Laufgas, sued the former Essex County clerk and the current county clerk (formerly the deputy county clerk). Among other allegations, determined by this court to be without merit, plaintiff contends that the county clerk's office charged an improper and excessive fee for copies of "public documents." He alleges that the fee schedule set by the Essex county clerk's office contravenes the New Jersey Right to Know Law, *N.J.S.A.* 47:1A–1 to –4, which sets forth a less costly fee schedule for copies of these "public documents." Defendants filed a motion for summary judgment, to dismiss the complaint.

The facts of the case are as follows. On or about October 2, 1990, plaintiff filed a complaint with the Superior Court of New Jersey at the Essex County clerk's office, using the direct method of filing as authorized by the local filing project by order dated November 28, 1988. *See Pressler, Current N.J. Court Rules,* Comment *R.* 1:5–6(b) (1991). He then requested a copy of his filed complaint and was informed that the fee for such copies was $1.50 for each page. Laufgas thereupon filed the complaint in this case, claiming that the Essex County clerk's office sought an excessive fee for copies of public documents, court pleadings. Plaintiff contends that pursuant to *N.J.S.A.* 47:1A–2, a part of the Right to Know Law, the required fee schedule is $0.50 a page for the first ten pages, $0.25 a page for pages 11 through 20 and $0.10 a page for every page over the 20th.

Defendants claim that *N.J.S.A.* 22A:2–29 is the applicable statute and that it requires the county clerk to charge $1.50 a page for copies of documents filed in the county clerk's office *or* with the deputy clerk of the Superior Court in the various counties of the State. The issue to be decided, on this motion,

is whether *N.J.S.A.* 47:1A–2, relied on by plaintiff, or *N.J.S.A.* 22A:2–29, relied on by defendants, applies to copies of a filed complaint.

■ *N.J.S.A.* 47:1A–2 as material, provides that:

*Except as otherwise provided* in this act or by any other statute, . . . all records which are required by law to be made, maintained or kept on file by any board, body, agency, department, commission or official of the State or of any political subdivision thereof or by any public board, body, commission or authority created pursuant to law by the State or any of its political subdivisions, . . . shall, for the purposes of this act, be deemed to be public records. [Emphasis supplied]

The statute goes on to set forth a citizen's right to inspect and purchase copies of such public records. It also provides "If a price has not been established by law for copies of any records, the custodian of such records shall make and supply copies of such records upon the payment of the following fees. . . ." The fee schedule is that which was presented to the court by plaintiff in his complaint, as listed above. Considered exclusively, the statute certainly appears to apply to copies of the documents that plaintiff, in this case, requested. This court agrees that a filed complaint in the Law Division of the Superior Court is in fact a "public record" within the meaning of *N.J.S.A.* 47:1A–2. However, the clear meaning of the words of this statute make it applicable *only* in the absence of another more specific statute that sets forth copying fees.

*N.J.S.A.* 22A:2–29, upon which defendants rely, states,

Upon the filing, indexing, entering or recording of the following documents or papers in the office of the county clerk or deputy clerk of the Superior Court, such parties filing or having the same recorded or indexed in the county clerk's office or with the deputy clerk of the Superior Court in the various counties in this State, shall pay the following fees in lieu of the fees heretofore provided for the filing, recording or entering of such documents or papers:

In General—

Copies of all papers, typing and comparing of photostat, per page . . . . . . . . $1.50.

Copies of a complaint filed with the Law Division of the Superior Court fall squarely within the description provided in *N.J.S.A.* 22A:2–29. The existence of *N.J.S.A.* 22A:2–29 renders *N.J.S.A.* 47:1A–2 inapplicable to the situation in this case. The

plain meaning of the words in *N.J.S.A.* 22A:2–29 mandate the charge of $1.50 a page for copies of documents filed with the county clerk in his or her capacity *as the deputy clerk of the Superior Court.* In spite of the language "typing and comparing of photostat," it is this court's determination that *N.J.S.A.* 22A:2–29 is specifically excepted from *N.J.S.A.* 47:1A–2.

Plaintiff has shown that the clerk of the Superior Court in Trenton adheres to the fee schedule established by *N.J.S.A.* 47:1A–2 when charging for copies of filed Superior Court pleadings. The clerk of the Superior Court may properly comply with that statute, since the language of *N.J.S.A.* 22A:2–29 applies exclusively to the county clerk or deputy clerk of the Superior Court in the various counties of this State. The clerk of the Superior Court is not included. The cost of the copies depends upon the location of the request. The statutory scheme simply makes it more costly to obtain copies from the county clerk than to get the same copies from the clerk of the Superior Court in Trenton. It is not the province of this court to resolve the legislative inconsistency which results from the application of these two statutes.

"Where an act is plain and unambiguous in its terms, there is no room for judicial construction since the language employed is presumed to evince the legislative intent." *Ideal Mutual Ins. Co. v. Royal Globe Ins. Co.*, 211 *N.J.Super.* 336, 339, 511 *A.*2d 1205 (App.Div.1986) (Dispute over the proper statute of limitations applicable to action for declaratory determination of co-insurer's liability for contribution of their equitable pro-rata share of PIP benefits paid by plaintiff to its insured).

*N.J.S.A.* 22A:2–29 in fact *requires* the Essex County clerk to charge $1.50 a page for copies of pleadings filed with the Superior Court, when obtained from the county clerk acting as the deputy clerk of the Superior Court. The Legislature's determination is not subject to this court's interpretation or ideas of reasonableness. The Appellate Division stated in *O'Boyle v. Prudential Ins. Co.*, 241 *N.J.Super.* 503, 509, 575

*A.*2d 515 (App.Div.1990), "When we think the statutory language is clear, we must apply it as written, not inject some lurking judicial suspicion that a better policy could or should be engrafted on the statutory scheme." (The PIP statute, when construed in harmony with the Temporary Disability Law, reveals no intent on the part of the Legislature to mandate deduction of proceeds received from private supplementary disability plans.)

While plaintiff has suggested that the application of *N.J.S.A.* 22A:2–29 and its $1.50 a page copying fee would be unfair or restrictive on other litigants besides himself, this court is not in a position to decide this issue. The reasonableness of the fee set has not been considered or addressed by this court. In fact, the option to purchase copies from the Superior Court in Trenton for the lower price may eliminate the question of reasonableness.

Defendants' motion for summary judgment is granted; plaintiff's complaint is hereby dismissed.