870 A.2d 624 (2005)
376 N.J. Super. 271
Joseph DUGAN, on behalf of himself and all others similarly situated, Plaintiff-Appellant,
v.
CAMDEN COUNTY CLERK'S OFFICE and James Beach in his capacity as the Camden County Clerk, and Burlington County Clerk's Office and Philip E. Haines in his capacity as the Burlington County Clerk, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Argued February 2, 2005.
Decided March 22, 2005.
*625 Donald M. Doherty, Jr., Cherry Hill, argued the cause for appellant (Mr. Doherty and Sander D. Friedman, Marlton, attorneys; Mr. Doherty and Mr. Friedman, on the brief).
Lawrence M. Vecchio, Assistant County Counsel, argued the cause for respondents Camden County Clerk's Office and James Beach (Office of Camden County Counsel, attorneys; Mr. Vecchio, on the brief).
Jean Hartman Culp, Senior Assistant Solicitor, argued the cause for respondents Burlington County Clerk's Office and Philip E. Haines (Evan H.C. Crook, Burlington County Solicitor, attorney; Ms. Hartman Culp, on the brief).
Before Judges BRAITHWAITE, LISA and WINKELSTEIN.
The opinion of the court was delivered by
LISA, J.A.D.
This case calls into question the amounts charged by certain county clerks for use by the public of self-service copiers provided by the clerks to photocopy documents recorded in their offices and available for self-inspection by the public. Plaintiff, Joseph Dugan, occasionally searches and copies such documents pertaining to deeds, mortgages and other lien information as part of his business. He initiated a putative class action against the Camden and Burlington County Clerks, who offer self-service copiers at a charge of $1 and $.50 per page respectively, as an alternative to having the clerks copy the documents. Plaintiff alleges those amounts exceed the charges legally allowable and seeks a refund of the alleged overcharges.
Before ruling on class certification, the trial judge concluded the charges were legally authorized and dismissed the complaint. The judge found that the amounts the clerks may charge for the self-service copies are controlled by N.J.S.A. 22A:2-29, and are thus unaffected by the lower charges allowable under the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13. We disagree and reverse.
The documents in question are instruments entitled to record, see, e.g., N.J.S.A. 46:16-1 to -19, which the clerk is required to compile in appropriate record books, see, e.g., N.J.S.A. 46:19-1 to -2, make required marginal or other notations, see, e.g., N.J.S.A. 46:19-3, and assign book and page numbers and establish indices. See, e.g., N.J.S.A. 46:20-1 to -5. The clerks are required to maintain the record books in a *626 manner that allows public access during regular business hours. N.J.S.A. 46:19-1.
Plaintiff relies upon OPRA, in which the Legislature declared as the public policy of this State that "government records shall be readily accessible for inspection, copying, or examination by the citizens of this State...." N.J.S.A. 47:1A-1. OPRA defines "government record" as "any paper, written or printed book, document ... that has been made, maintained or kept on file in the course of his or its official business by any officer ... of the State or any political subdivision thereof...." N.J.S.A. 47:1A-1.1. The documents in question plainly meet this definition, and subject to certain exceptions not here relevant, the custodian of such records must make them available to be inspected, examined, and copied by any person during regular business hours. N.J.S.A. 47:1A-5a.
These records are kept in a public area. Plaintiff's access to them has been unfettered. He could inspect and examine them independently, without interaction with any employee of the clerks' offices. He could also hand copy them at his pleasure without involvement of the clerks' employees and without charge. To purchase a photocopy, however, OPRA provides: "A copy or copies of a government record may be purchased by any person upon payment of the fee prescribed by law or regulation, or if a fee is not prescribed by law or regulation, upon payment of the actual cost of duplicating the record." N.J.S.A. 47:1A-5b. The fee shall not exceed $.75 for pages one to ten, $.50 for pages eleven to twenty, and $.25 for each page in excess of twenty, and the actual cost shall be the cost of materials and supplies used to make a copy, but shall not include labor or other overhead. Ibid.
Defendants contend that N.J.S.A. 22A:2-29 establishes a "fee prescribed by law" for copies of documents recorded or filed in their offices, thus removing them from the OPRA fee provisions. N.J.S.A. 22A:2-29 provides that "[u]pon the filing, indexing, entering or recording of the following documents or papers in the office of the county clerk, ... such parties, filing or having the same recorded or indexed in the county clerk's office ... shall pay the following fees... for the filing, recording or entering of such documents or papers:" What follows is a list of seventy-two separate items, each with a specified fee. Defendants rely on these two items: "Comparing and making copies, per sheet ... $2.00" and "Copies of all papers, typing and comparing of photostat, per page ... $2.00."
Plaintiff points out that all of the listed items require the clerk to perform some service, such as recording an inheritance tax waiver ($15), filing a hospital lien claim ($15), recording and indexing postponement of the lien of judgment ($20), and issuing a transcript of judgment ($7.50). Thus, plaintiff argues, in order for the clerks to be entitled to the prescribed $2 fee for making a photocopy, the clerk must perform the service. Plaintiff concedes that if he asked the clerk to make the copy for him, he would be liable for the $2 per page fee.[1] But plaintiff insists that his *627 making of a self-service copy is not encompassed in N.J.S.A. 22A:2-29.
The trial judge rejected plaintiff's argument. He acknowledged that "[n]o place in the statute is there a listing of a charge for copies made by a party on a self-service copier." Nevertheless, the judge concluded that a copy of a document filed or recorded in a county clerk's office, by whomever made, is governed by N.J.S.A. 22A:2-29, and therefore subject to the fee there prescribed rather than those prescribed by OPRA. Thus, according to the judge, defendants properly charged plaintiff pursuant to N.J.S.A. 22A:2-29. But they did not charge the prescribed fee of $2 per page. They charged $1 in Camden County and $.50 in Burlington County. To reconcile this result, the judge noted, with approval, that defendants "have opted for self-service copying fees at rates below that authorized by N.J.S.A. 22A:2-29 since such fees are not specified with particularity in the statute." (Emphasis added).
We find this reasoning fatally inconsistent. It rests upon the proposition that N.J.S.A. 22A:2-29 establishes a "fee prescribed by law" for the copies, thus making OPRA inapplicable. N.J.S.A. 47:1A-5b. Yet it rests on the contrary proposition that a self-service copying fee is not prescribed by N.J.S.A. 22A:2-29, thus allowing the clerks to charge any amount they wish.
That the clerks charged less than $2 does not cure the problem. The fees prescribed by N.J.S.A. 22A:2-29 are mandatory, not directory. The statute provides that the clerk "shall" charge the specified fees. The statute's clear purpose is to establish uniform fees for all county clerks throughout the state. See Statement to Assembly Bill No. 176, (February 2, 1926) (predecessor to N.J.S.A. 22A:2-29) ("The object of this bill is to codify and make uniform all the fees charged by the county clerks in the various counties of the state."). Unless a contrary meaning is justified by the character of a legislative enactment, the use of the term "shall" conveys a mandatory meaning. Cryan v. Klein, 148 N.J.Super. 27, 30-31, 371 A.2d 812 (App.Div.1977). Uniformity is required here. A clerk does not have discretion, for example, to charge more or less than $15 to file a hospital lien claim. The clerk must charge $15.
The real question, then, is whether a self-service copy of a document available to the public in a self-service fashion is encompassed in "comparing and making copies" or "copies of all papers, typing and comparing of photostat" within the context of N.J.S.A. 22A:2-29. We hold it is not. The language itself suggests the performance of an active service by the clerk, not the passive act of providing a self-service copier for use by others. The two provisions are included with seventy other entries, all of which require the rendering by the clerk of an active service. To the extent the provisions might be susceptible to differing interpretations, our construction is best guided by consideration of the individual components in the context of the entire enactment. Waterfront Comm'n of New York Harbor v. Mercedes-Benz of N. America, Inc., 99 N.J. 402, 414, 493 A.2d 504, 510-11 (1985). In interpreting statutes, courts should "look to the provisions of the whole law, and to its object and policy." Ibid. (quoting Richards v. United States, 369 U.S. 1, 11, 82 S.Ct. 585, 591, 7 L.Ed.2d 492, 499 (1962)). It is a well-established canon of statutory construction that "the general intention of a statute will control the interpretation of its parts." Ibid., 493 A.2d at *628 511 (quoting State v. Bander, 56 N.J. 196, 201, 265 A.2d 671, 674 (1970)).
The clear object and policy of N.J.S.A. 22A:2-29 is to establish a uniform schedule of fees to be charged by all county clerks for the rendering of services in the performance of their official duties. In light of this general purpose, the $2 per page copying provisions require the clerk to render a service. The $2 fee can only be charged if the clerk physically makes the copy. We find further support for this construction in the statutory requirement that county clerks pay over to the county treasurer all fees they receive for "any official acts or services they may render." N.J.S.A. 22A:4-17. See also Lum v. McCarty, 39 N.J.L. 287, 288-90 (Sup.Ct. 1877) (statutorily authorized "search fee" could be charged by county clerk only if the clerk performed the search, and it was improper for the clerk to charge the fee to the plaintiff, who conducted the search himself).
Defendants cannot dispute that the implicated records fall within OPRA's definition of "government records." In an effort to avoid the lower charges allowed by OPRA, they make the circuitous argument that the procedure for purchasing copies of records under OPRA requires a written request to the custodian, after which the custodian makes the copy. N.J.S.A. 47:1A-5g. Thus, defendants argue, if a member of the public chooses to follow the OPRA procedures, the $2 per page fee conceded by plaintiff to be applicable where the clerk makes the copy would be properly charged.
We are not persuaded. N.J.S.A. 47:1A-5g does not apply to the records at issue here, which are required by law to be maintained in a public area, with indices, accessible to the public. The clerks have recognized as much by placing self-service copiers in their offices. The right of the public to hand copy documents is coextensive with the right to photocopy them. Moore v. Bd. of Chosen Freeholders of Mercer County, 39 N.J. 26, 30, 186 A.2d 676, 678 (1962). We are informed by counsel that all twenty-one county clerks in New Jersey provide self-service copiers in their record rooms and that at the time of filing this suit defendants were the only two charging more than $.25 per page, the default rate under OPRA.[2]
There is a further reason to reject defendants' argument about the OPRA procedures. The documents here are subject to inspection and copying under the common law right of access doctrine. The record books, with their marginal notes, book and page numbers, and the like entered by the clerk, constitute documents prepared by a public officer in the authorized discharge of the officer's duty, and are "public records" within the doctrine's meaning. Bergen County Improvement Auth. v. North Jersey Media Group, Inc., 370 N.J.Super. 504, 517-18, 851 A.2d 731, 739-40 (App.Div.2004), certif. denied, 182 N.J. 143, 861 A.2d 847 (citing Nero v. Hyland, 76 N.J. 213, 221-22, 386 A.2d 846, 850-51 (1978)); see also Higg-A-Rella, Inc. v. County of Essex, 141 N.J. 35, 46, 660 A.2d 1163, 1168 (1995) (Public records "include almost every document recorded, generated, or produced by public officials whether or not `required by law to be made, maintained or kept on file,' as [previously] required under the Right-to-Know Law.") (quoting Shuttleworth v. City of Camden, 258 N.J.Super. 573, 582, 610 A.2d 903, 908 (App.Div.) (quoting N.J.S.A. *629 47:1A-2 (since repealed and replaced by the OPRA definition of "government record" in N.J.S.A. 47:1A-1.1)), certif. denied, 133 N.J. 429, 627 A.2d 1135 (1992)). Nothing in OPRA shall be construed as limiting the common law right of access. N.J.S.A. 47:1A-8.
Access to public records under the common law doctrine requires a showing of a legitimate interest by the person seeking access balanced against any governmental interest in keeping the records confidential. Daily Journal v. Police Dept. of City of Vineland, 351 N.J.Super. 110, 122-23, 797 A.2d 186, 192-93 (App.Div.2002). Here the government has no interest in confidentiality. Indeed, the purpose of recording or filing the documents and providing public access to them is to place the world on notice of their contents. Under these circumstances, a minimal private interest on the part of the person seeking access is sufficient. Higg-A-Rella, supra, 141 N.J. at 48-49, 660 A.2d at 1169-70. Plaintiff's interest in searching title information qualifies him for access under the common law doctrine.
When copies of public records are purchased under the common law right of access doctrine, the public officer may charge only the actual cost of copying, which ordinarily should not include a charge for labor. Id. at 53, 660 A.2d at 1172; Moore, supra, 39 N.J. at 31, 186 A.2d at 678. Thus, the fees allowable under the common law doctrine are consistent with those allowable under OPRA.
Finally, we find unpersuasive defendants' and the trial judge's reliance on Laufgas v. Drake, 250 N.J.Super. 423, 594 A.2d 1358 (Law Div.1991). There, upon the filing of a complaint, the plaintiff requested that the county clerk make him a copy of it. The court held that N.J.S.A. 22A:2-29 governed and the clerk properly charged the then-applicable $1.50 per page fee. That result is consistent with plaintiff's position here, namely that when the clerk makes the copy (especially when made "upon the filing" of the document for "such parties" that filed it) the fee in N.J.S.A. 22A:2-29 applies.
Reversed and remanded for further proceedings. We do not retain jurisdiction.
NOTES
[1] In the trial court, plaintiff argued that, in context, the correct interpretation of the two items in N.J.S.A. 22A:2-29 providing for copying charges should be limited to circumstances where the person filing or recording a document requests a copy of the filed or recorded document contemporaneously with the filing or recording. This would comport with the language of the statute: "Upon the filing ... such parties, filing or having the same recorded ... shall pay the following fees...." N.J.S.A. 22A:2-29 (emphasis added). This construction would also require the performance of a service by the clerk. Plaintiff abandoned this argument in the trial court and has not advanced it on appeal. We therefore do not address it.
[2] Although this information is not established by record evidence, it does not appear to be in dispute. We are also informed that during the pendency of this litigation the Gloucester County Clerk increased the self-service copy fee from $.25 to $.50.