NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5028-16T1

NEW JERSEY LAND TITLE
ASSOCIATION,

    Plaintiff-Appellant,

v.

DANA RONE, COUNTY REGISTER
OF THE COUNTY OF ESSEX,

    Defendant-Respondent.

_____

APPROVED FOR PUBLICATION

February 11, 2019

APPELLATE DIVISION

Argued December 4, 2018 – Decided February 11, 2019

Before Judges Yannotti, Rothstadt, and Gilson.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-2077-17.

Edward C. Eastman argued the cause for appellant (Davison, Eastman, Muñoz, Lederman & Paone, PA, attorneys; Michael J. Fasano, on the briefs).

Thomas M. Bachman, Assistant County Counsel, argued the cause for respondent (Courtney M. Gaccione, Essex County Counsel, attorney; Thomas M. Bachman and Sylvia Hall, Assistant County Counsel, on the brief).

The opinion of the court was delivered by

GILSON, J.A.D.

The issue presented is whether a county register or clerk has the authority to charge a "convenience fee" for the electronic filing of documents concerning real property. The Legislature has prescribed the fees a county register or clerk may charge for the filing of documents, and a convenience fee is not one of the legislatively authorized fees. Accordingly, we hold that a county register or clerk cannot impose such a fee. We therefore reverse a June 23, 2017 order granting summary judgment to the Essex County Register of Deeds and Mortgages (Essex Register) and dismissing the complaint of plaintiff, the New Jersey Land Title Association (Association). We remand with direction that the Association be granted partial summary judgment on its claim to enjoin, prospectively, the Essex Register from collecting the convenience fee. On remand, the trial court will also address the Association's claim for disgorgement of the fees previously paid.

I.

Documents affecting real property, such as deeds, mortgages, and liens, are filed in the county where the land is located. N.J.S.A. 46:26A-6(a). The county recording officer is then responsible for recording, indexing, and maintaining those documents. Ibid.; see also N.J.S.A. 46:1-1. The recording

2

officer is either the register or, if the county does not have a register, the county clerk. N.J.S.A. 40A:9-90.

Documents can be filed as paper documents or electronic documents. See N.J.S.A. 46:26A-1(a). Effective May 1, 2017, all counties were required to offer the option of filing documents electronically. See N.J.A.C. 15:3-9.3. Accordingly, documents can be submitted in person, by mail, or electronically.

The Legislature has established the fees that a county recording officer can charge, "for entering, filing, recording, registering, indexing, copying and certifying copies" of documents that may be recorded. N.J.S.A. 46:26-1. The authorized fees "shall be the fees prescribed and fixed by the title Fees and Costs." Ibid. Title 22A, in turn, is the title that prescribes fees and costs. Section 4-4.1 of Title 22A sets forth a specific, enumerated list of fees that can be charged by county clerks and registers. N.J.S.A. 22A:4-4.1.

The Essex Register is responsible for recording and preserving documents affecting real property in the municipalities in Essex County. See N.J.S.A. 46:26A-6(a); N.J.S.A. 46:1-1. The Essex Register began accepting electronically-filed documents in 2006. To provide electronic filing, the Essex Register entered into a shared servicing agreement to use a web-based document management system. That system was originally developed for Monmouth

County by a private vendor, Sunrise Systems, Inc. (Sunrise).  Essex and at least eight other counties now provide electronic filing through the system hosted by Monmouth County.

To file a document electronically, the filer connects to an internet portal and sends a scanned copy of the document to be recorded.  The filer must either have an escrow account or a bank account so that the filing fee can be withdrawn as an electronic transfer.

The Essex Register incurs costs to accept electronic filing.  Those costs include monies paid to Monmouth County, which in turn pays Sunrise to maintain, operate, and update the document management system.  An officer for the Essex Register has also certified that the office incurs additional personnel and equipment expenses to approve, review, record, verify, and issue receipts for electronically-filed documents.

When the Essex Register began accepting documents electronically in 2006, the Register did not charge a separate or additional fee for such a filing. In 2016, however, the Essex County Board of Freeholders passed an ordinance allowing the Essex Register to charge "a surcharge or convenience fee of $3.00 . . . to offset the cost of electronic receipt transactions with respect to the electronic filing of documents for recordation with the Essex County Register

of Deeds & Mortgages paid for by credit card, debit card, automatic clearing house ('ACH') or electronic funds transfer[.]"  The Essex Register represents that the $3 fee is designed to offset some of the additional costs incurred in accepting electronically-filed documents.  In that regard, an officer of the Essex Register certified that in 2016, the office paid more than $24,700 to Monmouth County for access to the web portal.  The officer also certified that, as of April 2017, expenses associated with electronic filing exceeded the convenience fees collected.

In May 2016, the Association filed a complaint in lieu of prerogative writs against the Essex Register.  The Association sought two forms of relief:  (1) to enjoin the Essex Register from charging the convenience fee; and (2) to compel the Essex Register to disgorge and return all "wrongfully charged 'convenience fee[s].'"

The Essex Register filed an answer and, thereafter, the parties engaged in discovery.  The Association then moved for partial summary judgment seeking to declare the convenience fee unlawful and to permanently enjoin the Essex Register from charging the fee.  The Essex Register opposed that motion and cross-moved for summary judgment in her favor.  The matter was transferred to Hudson County, where the trial court heard oral argument on the motions.  On

5

June 23, 2017, the court entered two orders: one order denied summary judgment to the Association, and the second order granted summary judgment to the Essex Register and dismissed with prejudice the Association's complaint.

The trial court explained the reasons for those rulings on the record on June 23, 2017. It held that the convenience fee was authorized by the Government Electronic Payment Acceptance Act (GEPAA), N.J.S.A. 40A:5-43 to -47, and its regulations, N.J.A.C. 5:30-9.1 to -9.11. The court also reasoned that the convenience fee was consistent with the rules regarding electronically-submitted documents affecting real property, N.J.A.C. 15:3-9.1 to -9.13. The Association now appeals the orders denying it summary judgment and granting summary judgment to the Essex Register.

II.

The central issue is whether a county register or clerk can charge a surcharge or convenience fee when a document is filed electronically. That is a question of law because the fees permitted to be charged for filing documents affecting real property are prescribed by statute. N.J.S.A. 46:26-1; N.J.S.A. 22A:4-4.1. Accordingly, our review of this issue is de novo. See Verry v. Franklin Fire Dist. No. 1, 230 N.J. 285, 294 (2017) (citing Saccone v. Bd. of Trs. of Police & Firemen's Ret. Sys., 219 N.J. 369, 380 (2014)).

We start with the statutes authorizing fees for filing documents affecting real property. That authority is set forth in two cross-referenced statutes: N.J.S.A. 46:26-1 and N.J.S.A. 22A:4-4.1. N.J.S.A. 46:26-1 states that the permitted fees are those fixed by the statute governing fees and costs:

> The fees of the county recording officers and other officers for entering, filing, recording, registering, indexing, copying and certifying copies of all deeds and instruments of the nature or description set forth in section [46:26A-2] of this title, shall be the fees prescribed and fixed by the title Fees and Costs.[1]

The plain meaning of N.J.S.A. 46:26-1 is that the Legislature has prescribed the fees that a county recording officer can charge for filing documents. The authorized fees "shall be the fees prescribed and fixed by the title Fees and Costs." N.J.S.A. 46:26-1. Title 22A, in turn, is the title that prescribes fees and costs. N.J.S.A. 22A:1-1.1 to 5-1.

Section 4-4.1 of Title 22A sets forth a specific, enumerated list of fees that can be charged by clerks or registers for filing documents affecting real property. N.J.S.A. 22A:4-4.1. That enumerated list does not include a fee for accepting an electronically-filed document. Instead, N.J.S.A. 22A:4-4.1

---

[1] N.J.S.A. 46:26-1 references the documents set forth in N.J.S.A. 46:16-1. N.J.S.A. 46:16-1, however, has been repealed and replaced with N.J.S.A. 46:26A-2. L. 2011, c. 217, §§ 1, 2.

provides that for any document filed, the register or clerk, "shall charge" $30 for the first page, $10 for each additional page, and $10 for each "rider, insertion, addition, or any map, plat or sketch[.]" Ibid. N.J.S.A. 22A:4-4.1 goes on to list charges for other filings and services, such as preparing and transmitting an abstract of title or entering marginal notations. The statute, however, does not authorize a fee for accepting an electronically-filed document.

The clear object of N.J.S.A. 22A:4-4.1 is to establish a uniform schedule of fees to be charged by all county registers or clerks for the filing of documents affecting real property. See Dugan v. Camden Cty. Clerk's Office, 376 N.J. Super. 271, 277 (App. Div. 2005) (finding a similar object of N.J.S.A. 22A:2-29, which establishes a uniform schedule of fees to be charged by county clerks for rendering other services). In short, neither N.J.S.A. 46:26-1 nor N.J.S.A. 22A:4-4.1 allow a register or clerk to charge a surcharge or convenience fee for accepting an electronically-filed document.

The Essex Register argues that the fees set forth in N.J.S.A. 22A:4-4.1 are for the physical act of filing, recording, and entering paper documents. Thus, the Register contends that the enumerated fees in N.J.S.A. 22A:4-4.1 do not address the electronic processing of documents. We disagree.

In 2012, the Legislature revised the statutes pertaining to the recording of documents affecting real property to address, in part, electronic documents.  L. 2011, c. 217; N.J.S.A. 46:26A-1 to 26C-3.  At that same time, the Legislature directed the Division of Archives and Records Management (DARM)[2] to adopt regulations "to establish format and technical requirements for recorded documents to foster state-wide uniformity in title recordation[.]"  N.J.S.A. 46:26C-1; cf. N.J.A.C. 15:3-9.1 to -9.13 (regulations promulgated pursuant to this directive).  The Legislature also directed DARM to collect data and prepare reports on the number of documents recorded and fees collected by all county registers and clerks.  N.J.S.A. 46:26C-3(a) to (c).  Further, the Legislature provided that, based on those reports, it will consider establishing standard per document filing and recording fees for each type of document filed or recorded. N.J.S.A. 46:26C-3(e).  In that regard, the statute states:

> Five years after the date of adoption of N.J.S.[A.] 46:26A-1 et al., the Legislature shall consider the establishment of standard per document filing or recording fees for each type of document which is filed or recorded with a county recording officer.  Standard

---

[2]  In 2012, the records management, records storage, imaging, and micrographic functions of DARM were transferred to the Division of Revenue and Enterprise Services in the Department of the Treasury pursuant to an intergovernmental agreement.  Currently-pending legislation proposes to transfer "all records management functions, powers and duties" to the Department of the Treasury. S. 2338 (2018).

per document filing and recording fees shall be set so that the per document fee is no less than the average fee for the filing or recording of the document as set forth in the final report required to be issued pursuant to subsection c. of this section.

[Ibid.]

Moreover, the Legislature has provided a mechanism by which technological upgrades are to be funded.  In 1986, the Legislature enacted a new section of Title 22A titled "Funds to upgrade services."  L. 1985, c. 422, § 7; see N.J.S.A. 22A:4-17.1.  That section directed the county treasurer to return "$1.00 of each fee received for the recording, filing or cancelling of a document in the office of the county clerk or register of deeds and mortgages" to be "used to upgrade and modernize the services provided by their offices."  L. 1985, c. 422, § 7.  In 1990, this amount was increased to $2.  L. 1989, c. 301, § 1; see N.J.S.A. 22A:4-17.1.  In 2002, the Legislature enacted another section of Title 22A requiring planning for the use of fee revenues, "which are dedicated to upgrading and modernizing the services provided by the offices" including registers of deeds.  L. 2001, c. 370, § 13; N.J.S.A. 22A:2-51.1.  Registers and county clerks, as well as other county offices, were directed to create a "five-year capital plan setting forth the capital purposes to which the . . . fee revenues are to be applied[.]"  N.J.S.A. 22A:2-51.1(a).

A-5028-16T1

These statutes demonstrate that the Legislature has explicitly addressed both the fees to be charged to the public and the source of funding from which registers of deeds are to draw if they seek to upgrade or modernize their services. Accordingly, the Legislature has comprehensively preempted the field of filing fees for documents affecting real property. The fees in N.J.S.A. 22A:4-4.1 are, therefore, the comprehensive fees authorized by the Legislature for county registers and clerks to perform their services as the county recording officer. If a fee is not listed in N.J.S.A. 22A:4-4.1, it cannot be charged.

Moreover, neither the register nor the county can authorize a new fee for these services. "When the Legislature has preempted a field by comprehensive regulation, a [local] ordinance attempting to regulate the same field is void if the [local] action adversely affects the legislative scheme." Plaza Joint Venture v. City of Atlantic City, 174 N.J. Super. 231, 238 (App. Div. 1980) (citing Fair Lawn Educ. Ass'n v. Fair Lawn Bd. of Educ., 79 N.J. 574, 586 (1979); Summer v. Teaneck, 53 N.J. 548, 554 (1969)). Instead, the Legislature controls and establishes the allowed fees for processing both paper and electronic documents. That control by the Legislature ensures that the fees charged are uniform statewide.

The Essex Register argues that her authority to charge a convenience fee is found in N.J.S.A. 40A:5-45, and that statute's implementing regulations, N.J.A.C. 5:30-9.1 to -9.11. The Essex Register also contends that the $3 convenience fee is consistent with the regulations regarding electronically-submitted documents, N.J.A.C. 15:3-9.1 to -9.13. Alternatively, the Essex Register contends that she should be allowed to collect the convenience fee based on the doctrine of quantum meruit. We will address each of these arguments in turn.

A. N.J.S.A. 40A:5-45 and Its Regulations

N.J.S.A. 40A:5-45 allows local government units to establish systems to accept payment of fees and other obligations owed to the unit by credit card or electronic fund transfers. Specifically, the statute provides:

> Subject to the provisions of [N.J.S.A. 40A:5-47 and N.J.S.A. 2B:1-5], a local unit may establish a card payment system or electronic funds transfer system upon passage of a resolution of the governing body. The resolution shall specify those types of charges, taxes, fees, assessments, fines, or other obligations approved for card based or electronic funds transfer payment, except that credit card payment shall not be authorized for the payment of delinquent local unit obligations or for the redemption of local unit liens.
>
> [N.J.S.A. 40A:5-45.]

That statutory provision is part of GEPAA, N.J.S.A. 40A:5-43 to -47. GEPAA is a statute allowing for electronic payment of obligations owed to a local government unit, such as a county register. GEPAA authorizes only one type of assessment: charges related to accepting electronic payments. N.J.S.A. 40A:5-46. In that regard, section 5-46 of GEPAA states: "local units are authorized to assess and collect service charges related to obligations owed to or collected by the local unit when credit cards, debit cards or electronic funds transfer systems are utilized." N.J.S.A. 40A:5-46. "Service charge" is defined as "a fee charged by the Supreme Court, the Superior Court, Tax Court or local unit in excess of the total obligation owed by a person or organization to offset processing charges or discount fees for the use of a card payment system or an electronic funds transfer system." N.J.S.A. 40A:5-44.

The Essex Register argues that the word "obligation" in N.J.S.A. 40A:5-44 should be construed to mean that she can collect fees to pay the contractual obligation she has under the shared service agreement with Monmouth County. The Register also argues that since the payment for an electronically-filed document is also made electronically, she can impose an additional $3 fee. A plain reading of GEPAA, however, does not support such a construction.

13

The "obligation" referenced in N.J.S.A. 40A:5-44 is any obligation that an individual or entity owes to the local unit, such as "taxes, fees, assessments [or] fines." N.J.S.A. 40A:5-45. Thus, "obligation" does not refer to the obligations the local unit may owe to vendors or other entities in performing the unit's functions.

More to the point, N.J.S.A. 40A:5-45 does not authorize a local unit to collect additional payments or fees from persons or entities paying an obligation owed to the local unit beyond the service charge for processing an electronic payment. Instead, the statute allows the local unit to set up a system to accept such payments by credit card and electronic fund transfers and to "offset processing charges or discount fees for the use of a card payment system or an electronic funds transfer system." N.J.S.A. 40A:5-44.

The regulations promulgated under GEPAA also do not authorize the collection of fees beyond recouping processing charges. See N.J.A.C. 5:30-9.1 to -9.11. The regulations explain their purpose as: "rules and guidance for local government units to utilize credit cards, debit cards, and electronic fund transfer mechanism as means of collecting local unit obligations." N.J.A.C. 5:30-9.1(a). The regulations then limit the fee that can be collected to the cost of handling and processing the electronic transaction:

When permitted to be charged by the processor, local units may charge a percentage of the transaction or a flat fee to offset the costs of electronic receipt transactions. Such fees shall not exceed the cost of handling and processing the transaction to the local unit.

[N.J.A.C. 5:30-9.9(a).]

The Essex Register is charging the $3 convenience fee to offset the cost of maintaining a web-based system to accept electronically-filed documents. The $3 fee is not being used to offset processing charges or discount fees for the use of a card payment system or electronic funds transfer system. In that regard, an officer of the Essex Register has certified that the $3 fee is to pay for the web-based management system hosted by Monmouth County and other related costs. While the ordinance authorizing the $3 convenience fee references that electronically-filed documents are "paid for by credit card, debit card, automatic clearing house ('ACH') or electronic funds transfer," the $3 fee is not used to offset processing charges or discount fees related to the electronic payment. Thus, while the $3 fee is collected from some payers electronically, it is an additional fee beyond any processing cost.[3]

---

[3] The Essex Register has represented in certifications from her office that some payers have established escrow accounts and other payers, who submit documents electronically, are required to use bank accounts that will allow for

B. **Rules Regarding Electronically-Submitted Documents Affecting Real Property**

DARM has promulgated regulations pursuant to N.J.S.A. 46:26C-1 regarding electronically-submitted documents affecting real property. N.J.A.C. 15:3-9.1 to -9.13 (Electronic Regulations). Those regulations direct that by May 1, 2017, "all county recorders shall accept electronic documents and electronic document packages[.]" N.J.A.C. 15:3-9.3. The Electronic Regulations, however, do not authorize the imposition of fees for accepting electronic documents. Instead, the only additional fees that can be collected are processing fees related to accepting electronic payment. See N.J.A.C. 15:3-9.10; N.J.A.C. 5:30-9.1 to -9.11. In that regard, N.J.A.C. 15:3-9.10 provides:

> Each county recorder receiving electronic documents shall accept payment of recording fees by electronic means. Each county recorder may collect fees from electronically submitted electronic documents or electronic document packages in a manner compatible with its internal software, financial practices, and N.J.A.C. 5:30-9.

electronic transfer of payment. Approximately fifteen percent of the payers submitting electronically-filed documents had escrow accounts and the other eighty-five percent of the payers use bank accounts.

In short, nothing in the Electronic Regulations authorizes a county or a county register to impose a $3 surcharge or convenience fee for accepting an electronically-filed document.

C.    Quantum Meruit

Finally, the Essex Register argues, in the alternative, that she should have the right to collect the $3 fee based on the doctrine of quantum meruit.  We disagree.

Quantum meruit means, literally, "as much as is deserved."  Kas Oriental Rugs, Inc. v. Ellman, 394 N.J. Super. 278, 286 (App. Div. 2007).  Quantum meruit applies when "one party has conferred a benefit on another and the circumstances are such that to deny recovery would be unjust."  Ibid. (quoting Weichert Co. Realtors v. Ryan, 128 N.J. 427, 437 (1992)).  To recover under a theory of quantum meruit, a party must establish "(1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services."  Starkey, Kelly, Blaney & White v. Estate of Nicolaysen, 172 N.J. 60, 68 (2002) (quoting Longo v. Shore & Reich, Ltd., 25 F.3d 94, 98 (2d Cir. 1994)).  That party must also establish a "reasonable expectation of payment" and that the services were performed "under

circumstances that should have put the beneficiary on notice" that the party expected to be paid. Weichert Co. Realtors, 128 N.J. at 437-38.

The doctrine of quantum meruit does not apply here. Indeed, this argument lacks sufficient merit to warrant extended discussion. R. 2:11-3(e)(1)(E). Parties submitting documents affecting real property are not enriching themselves by filing those documents electronically. Instead, they are filing those documents to protect their interests and are paying an associated fee established by the Legislature. As already explained, the Legislature has established a uniform schedule of fees to be charged by county registers or clerks for the filing of documents affecting real property. See N.J.S.A. 22A:4-4.1. Accordingly, a filer would not reasonably expect to have to make a payment beyond those statutory fees.

It is the responsibility of a register's office to budget and pay for the costs associated with performing its functions. See N.J.S.A. 40A:9-89.1; N.J.S.A. 22A:2-51.1(a). If county registers or clerks believe their offices are incurring costs that are not covered by the fees set forth in Title 22A, their recourse is to petition the Legislature to provide some means to address those costs, by allowing the collection of an additional fee or in some other manner.

A-5028-16T1

In summary, no statute or regulation authorizes the Essex Register to impose a $3 convenience fee in connection with electronically filing a document. Consequently, we reverse the June 23, 2017 order granting summary judgment to the Essex Register and dismissing the Association's complaint. We remand with the direction that the complaint be reinstated and that the Association be granted partial summary judgment on its claim to prospectively enjoin the Essex Register from collecting the convenience fee. We also remand for further proceedings on the Association's claim for disgorgement of the fees previously paid.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

19

A-5028-16T1