SYLLABUS

(This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court. In the interest of brevity, portions of an opinion may not have been summarized.)

**New Jersey Land Title Association v. Dana Rone (A-82-18) (082620)**

**(NOTE: The Court did not write a plenary opinion in this case. The Court affirms the judgment of the Appellate Division substantially for the reasons expressed in Judge Gilson's opinion, published at 458 N.J. Super. 120 (App. Div. 2019).)**

**Argued January 6, 2020 -- Decided February 4, 2020**

**PER CURIAM**

The Court considers whether a county register or clerk has the authority to charge a "convenience fee" for the electronic filing of documents concerning real property.

The Essex County Register of Deeds and Mortgages (Essex Register) is responsible for recording and preserving documents affecting real property in Essex County and began accepting electronically filed documents in 2006. The Essex Register incurs costs to accept electronic filing -- costs for the maintenance of the document management system as well as additional personnel and equipment expenses to approve, review, record, verify, and issue receipts for electronically filed documents. When the Essex Register began accepting documents electronically, it did not charge a separate or additional fee for such a filing. In 2016, however, the Essex County Board of Freeholders passed an ordinance allowing the Essex Register to charge a $3.00 convenience fee to offset the cost of electronic receipt transactions.

The New Jersey Land Title Association (Association) filed a complaint in lieu of prerogative writs against the Essex Register seeking two forms of relief: (1) to enjoin the Essex Register from charging the convenience fee; and (2) to compel the Essex Register to disgorge and return all wrongfully charged convenience fees. The trial court held that the convenience fee was authorized by the Government Electronic Payment Acceptance Act (GEPAA) and related regulations. The court also reasoned that the convenience fee was consistent with the rules regarding electronically-submitted documents affecting real property. The Association appealed.

The Appellate Division reversed and remanded with directions that the Association be granted partial summary judgment on its claim to enjoin the Essex Register from collecting the convenience fee and that the trial court address the Association's claim for disgorgement. 458 N.J. Super. 120, 122 (App. Div. 2019).

1

The Appellate Division noted that the Legislature has established the fees that a county recording officer can charge "for entering, filing, recording, registering, indexing, copying and certifying copies" of documents that may be recorded, id. at 123 (quoting N.J.S.A. 46:26-1), and that N.J.S.A. 22A:4-4.1 sets forth a specific, enumerated list of fees that can be charged by county clerks and registers, ibid. The appellate court rejected the contention that the enumerated fees in N.J.S.A. 22A:4-4.1 do not address the electronic processing of documents. Id. at 126. The court reviewed the legislative history of the relevant statutes and concluded that the Legislature has comprehensively preempted the field of filing fees for documents affecting real property, that a fee not listed in N.J.S.A. 22A:4-4.1 therefore cannot be charged, and that neither the county nor the register can authorize a new fee for these services. Id. at 126-28.

The Appellate Division also disagreed that the GEPAA and its regulations grant authority to charge the disputed convenience fee. Id. at 129-31. Under their plain language, the relevant statutory and regulatory provisions permit "local units . . . to assess and collect service charges related to obligations owed to or collected by the local unit when credit cards, debit cards or electronic funds transfer systems are utilized," id. 129 (quoting N.J.S.A. 40A:5-46), but that "service charge" is limited to "a fee charged . . . in excess of the total obligation owed by a person or organization to offset processing charges or discount fees for the use of a card payment system or an electronic funds transfer system," id. at 129-30 (emphasis added) (quoting N.J.S.A. 40A:5-44). The Appellate Division found that, here, the $3.00 fee is not being used to offset processing charges or discount fees for the use of a card payment system or electronic funds transfer system, but rather to maintain the document management system. Id. at 131. And neither N.J.S.A. 40A:5-45 nor the regulations promulgated under GEPAA authorize the collection of fees beyond recouping processing charges. Id. at 130.

Finally, the Appellate Division rejected as inapposite the Essex Register's reliance on the doctrine of quantum meruit, which applies when one party has conferred a benefit on another and the circumstances are such that to deny recovery would be unjust. Id. at 132-33. The court added that the recourse for county registers and clerks who believe their offices are incurring costs that are not covered by the fees set forth in the statute is to petition the Legislature to provide some means to address those costs. Id. at 133.

The Court granted certification. 238 N.J. 354 (2019).

**HELD:** The judgment of the Appellate Division is affirmed substantially for the reasons expressed in that court's opinion.

**AFFIRMED**.

**CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, SOLOMON, and TIMPONE join in this opinion.**

2

SUPREME COURT OF NEW JERSEY

A-82 September Term 2018

082620

New Jersey Land Title Association,

Plaintiff-Respondent,

v.

Dana Rone, County Register
of the County of Essex,

Defendant-Appellant.

On certification to the Superior Court,
Appellate Division, whose opinion is reported at
458 N.J. Super. 120 (App. Div. 2019).

| Argued | Decided |
|---|---|
| January 6, 2020 | February 4, 2020 |

Thomas M. Bachman, Assistant County Counsel, argued
the cause for appellant (Courtney M. Gaccione, Essex
County Counsel, attorney; Thomas M. Bachman, of
counsel and on the briefs, and Sylvia Hall, Assistant
County Counsel, on the briefs).

Edward C. Eastman, Jr. argued the cause for respondent
(Davison, Eastman, Muñoz, Lederman & Paone,
attorneys; Edward C. Eastman, Jr., of counsel and on the
briefs, and Peter A. Chacanias, on the briefs).

Victoria A. Flynn submitted a brief on behalf of amici
curiae Monmouth County; Monmouth County Clerk's
Office; Monmouth County Clerk Christine Hanlon;
County of Atlantic; Atlantic County Clerk's Office;

1

Atlantic County Clerk Edward P. McGettigan; County of Camden; Camden County Clerk's Office; Camden County Clerk Joseph Ripa; Cape May County; Cape May County Clerk's Office; Cape May County Clerk Rita Marie Fulginiti; Mercer County; Mercer County Clerk's Office; Mercer County Clerk Paula Sollami-Covello; Middlesex County; Middlesex County Clerk's Office; Middlesex County Clerk Elaine Flynn; Ocean County; Ocean County Clerk's Office; Ocean County Clerk Scott M. Colabella; Passaic County; Passaic County Clerk's Office; Passaic County Clerk Danielle Ireland-Imhof (Gluck Walrath, attorneys; Victoria A. Flynn and Michael D. Fitzgerald, Monmouth County Counsel, of counsel and on the brief, and James F. Ferguson, Atlantic County Counsel, Howard L. Goldberg, First Assistant Camden County Counsel, Jeffrey R. Lindsay, Cape May County Counsel, Paul R. Adezio, Mercer County Counsel, Alessandra Baldini, Deputy Middlesex County Counsel, Laura M. Benson, Assistant Ocean County Counsel, Nadege D. Allwaters, Deputy Passaic County Counsel, of counsel).

PER CURIAM

The judgment of the Superior Court, Appellate Division is affirmed substantially for the reasons expressed in Judge Gilson's opinion, reported at 458 N.J. Super. 120 (App. Div. 2019).

CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, SOLOMON, and TIMPONE join in this opinion.