**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1743-17T4

JAMES CATONA,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Argued telephonically January 24, 2019 –
Decided February 11, 2019

Before Judges Gooden Brown and Rose.

On appeal from the New Jersey Department of Corrections.

James Catona, appellant pro se.

Michael E. Vomacka, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Michael E. Vomacka, on the brief).

PER CURIAM

New Jersey State Prison Inmate James Catona appeals from the September 14, 2017 final agency decision of the New Jersey Department of Corrections (NJDOC), upholding the hearing officer's guilty finding and imposition of sanctions for committing prohibited act *.004, fighting with another person, in violation of N.J.A.C. 10A:4-4.1. We affirm.

The disciplinary charge stemmed from a September 7, 2017 incident that occurred in the inmate housing area at South Woods State Prison. When Senior Corrections Officer (SCO) Edwin Velez went to investigate the commotion he heard coming from that area, he observed Catona and his cellmate, Shawn Morris-Greene, "engaged in a fist fight." Both inmates complied with an order to stop, and were charged with fighting. An examination by the nurse revealed no injuries to Morris-Greene, but facial contusions with no open wounds or active bleeding to Catona.

Catona was served with the disciplinary charge the following day. An investigation revealed the charge had merit and was referred for a hearing, which was conducted on September 12, 2017, after a one-day postponement. At the hearing, Catona pled not guilty, was granted counsel-substitute, and declined the opportunity to either call or confront witnesses. The disciplinary hearing officer (DHO) considered all the evidence, including the incident reports in which

Velez recounted observing the inmates "exchanging blows with each other[,]" the medical report describing the inmates' injuries, as well as Catona's statement that Morris-Greene "started the fight" and that he (Catona) "tried calling for help" and had "never [thrown] a punch."

In finding Catona guilty of the charge, the DHO credited Velez' account of the incident and concluded that self-defense was not supported by the evidence, particularly since Morris-Greene had also pled not guilty.[1]  Noting that Catona must he held accountable for his actions, as well as the need to deter such conduct and promote a safe, secure, and orderly facility, the DHO imposed a sanction of ninety-one days in administrative segregation and fifteen days loss of commutation credits.

Catona filed an administrative appeal and, on September 14, 2017, the South Woods State Prison Associate Administrator upheld the DHO's decision and sanctions, noting there was "no misinterpretation of the facts."  Catona's request for leniency was also denied.  This appeal followed.

---

[1]  Under N.J.A.C. 10A:4-9.13(f), an "inmate claiming self-defense shall be responsible for presenting supporting evidence" that "[t]he inmate was not the initial aggressor[,]" "did not provoke the attacker[,]" and "had no reasonable opportunity or alternative to avoid the use of force"[;] and that "[t]he use of force was not by mutual agreement[,]" "was used to defend against personal harm," and "was reasonably necessary for self-defense[.]"

On appeal, Catona raises the following points for our consideration:

POINT I

THE FINAL AGENCY DECISION OF THE NJDOC MUST BE REVIEWED BECAUSE THE HEARING OFFICER'S DECISION TO RESOLVE THE CREDIBILITY DISPUTE SOLELY ON THE ASSUMPTION THAT SCO VELEZ HAD NO REASON TO FABRICATE ALLEGATIONS AGAINST INMATES, LACKS BOTH THE FORM AND SUBSTANCE OF A FAIR HEARING[.]

POINT II

THE FINAL AGENCY DECISION OF THE NJDOC MUST BE REVERSED BECAUSE APPELLANT WAS DENIED THE RIGHT TO CONFRONT AND CROSS-EXAMINE THE ACCUSING OFFICER, AND HE WAS FURTHER DENIED THE OPPORTUNITY TO QUESTION THE EYEWITNESSES. THUS, APPELLANT'S DUE PROCESS RIGHTS TO CONFRONTATION AND CROSS-EXAMINATION, AND HIS LITIGATION RIGHT TO WITNESS ACCESS, WERE DENIED BY THE PROCEDURE CONDUCTED[.]

POINT III

THE ISSUE ON APPEAL INVOLVES THE PUBLIC INTEREST, CONSISTENT WITH BASIC PROTECTIONS IN OUR SYSTEM OF ADJUDICATION, ESPECIALLY IN MATTERS WITH PENAL QUALITIES, AND SPECIFICALLY IN PRISON INMATE DISCIPLINE PROCEEDINGS, PURSUANT TO [N.J.A.C. 10A:4-9.13(A) to 9.14(A).]

POINT IV

THE DECISION OF THE DISCIPLINARY HEARING
OFFICER MUST BE REVERSED BECAUSE IT WAS
ARBITRARY, CAPRICIOUS, OR UNREASONABLE,
AND NOT SUPPORTED BY CREDIBLE
EVIDENCE[.]

"Our role in reviewing the decision of an administrative agency is limited." Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). "We defer to an agency decision and do not reverse unless it is arbitrary, capricious[,] or unreasonable[,] or not supported by substantial credible evidence in the record." Jenkins v. N.J. Dep't of Corr., 412 N.J. Super. 243, 259 (App. Div. 2010). "'Substantial evidence' means 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Figueroa, 414 N.J. Super. at 192 (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)).

When reviewing a determination of the NJDOC in a matter involving prisoner discipline, we engage in a "'careful and principled consideration of the agency record and findings.'" Williams v. Dep't of Corr., 330 N.J. Super. 197, 204 (App. Div. 2000) (quoting Mayflower Sec. Co. v. Bureau of Sec. in Div. of Consumer Affairs of Dep't of Law & Public Safety, 64 N.J. 85, 93 (1973)). We consider not only whether there is substantial evidence that the inmate

committed the prohibited act, but also whether, in making its decision, the NJDOC followed regulations adopted to afford inmates procedural due process. See McDonald v. Pinchak, 139 N.J. 188, 194-96 (1995).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Jenkins v. Fauver, 108 N.J. 239, 248-49 (1987) (quoting Wolff v. McDonnell, 418 U.S. 539, 556 (1974)). However, the inmate's more limited procedural rights, initially set forth in Avant v. Clifford, 67 N.J. 496, 525-46 (1975), are codified in a comprehensive set of NJDOC regulations. N.J.A.C. 10A:4-9.1 to 9.28.

Those rights include an inmate's entitlement to written notice of the charges at least twenty-four hours prior to the hearing, N.J.A.C. 10A:4-9.2, a fair tribunal, N.J.A.C. 10A:4-9.15, a limited right to call witnesses and present documentary evidence, N.J.A.C. 10A:4-9.13, a limited right to confront and cross-examine adverse witnesses, N.J.A.C. 10A:4-9.14, a right to a written statement of the evidence relied upon and the reasons for the sanctions imposed, N.J.A.C. 10A:4-9.24, and, in certain circumstances, the assistance of counsel-substitute, N.J.A.C. 10A:4-9.12. Those regulations "strike the proper balance between the security concerns of the prison, the need for swift and fair

6

discipline, and the due-process rights of the inmates." <u>Williams</u>, 330 N.J. Super. at 203 (citing <u>McDonald</u>, 139 N.J. at 202).

Applying these principles, we are satisfied that there was substantial credible evidence in the record to support the finding of guilt, and Catona received all the procedural due process he was entitled to, despite his assertions to the contrary. In addition, the sanctions imposed were commensurate with the severity of the infraction and authorized under N.J.A.C. 10A:4-5.1(a) for an asterisk offense. Asterisk offenses "are considered the most serious and result in the most severe sanctions[.]" N.J.A.C. 10A:4-4.1(a).

On June 4, 2018, we granted Catona's motion to supplement the record with his March 13, 2018 certification, indicating that on September 12, 2017, after Morris-Greene refused to produce a statement exonerating him of the charge, he invoked his right to confront and cross-examine both Velez and Morris-Greene, but the DHO declined his request. However, the record is devoid of any evidence corroborating Catona's claim.

Instead, the record demonstrates that Catona and his counsel-substitute declined the opportunity to confront or cross-examine adverse witnesses, and acknowledged that the information set forth on the Adjudication of Disciplinary Charge form, including their declination, accurately reflected what took place at

the hearing. Further, although "the reasons for the denial" of a request for confrontation and cross-examination "shall be specifically set forth" by the DHO on the Adjudication of Disciplinary Charge form, N.J.A.C. 10A:4-9.14(f), no such entry appears on the form to support Catona's account.

Thus, based on this record, we reject Catona's version. Indeed, the "creation of a clear written record at each disciplinary hearing" through the completion and execution of the Adjudication of Disciplinary Charge form was designed "to resolve" these types of discrepancies "at this stage of appellate review[.]" McDonald, 139 N.J. at 200. Moreover, in his administrative appeal, Catona never asserted he was denied the opportunity to confront and cross-examine witnesses. Rather, he "denie[d] having engaged in an exchange of fists," asserted "he was the victim of an assault[,]" and claimed the DHO "gave little to no consideration to his statement."

Relying on his March 13, 2018 certification, for the first time on appeal, in his reply brief, Catona asserts his counsel-substitute was ineffective by failing to submit exculpatory evidence at the disciplinary hearing. Specifically, Catona claims counsel-substitute failed to submit a written statement prepared by Morris-Greene exonerating Catona of the charge, as well as written questions to be propounded to Velez, both of which Catona claims he supplied to counsel-

substitute.[2] Additionally, Catona contends counsel-substitute was ineffective by failing to include the DHO's denial of his request to confront and cross-examine witnesses in his administrative appeal, an appeal Catona claims was filed without his consent.

Although the assistance of counsel-substitute in prison disciplinary hearings is not equivalent to the constitutional right to counsel in non-institutional proceedings, an inmate who receives assistance from a counsel-substitute who is not "sufficiently competent" has been effectively denied the due process protections established by the applicable regulation. Avant, 67 N.J. at 529. However, Catona never claimed ineffective assistance of counsel-substitute in his administrative appeal. Therefore, we need not consider this claim on appeal. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973); see also Hill v. N.J. Dep't of Corr., 342 N.J. Super. 273, 293 (App. Div. 2001) (applying Nieder to prison cases).

"Moreover, '[r]aising an issue for the first time in a reply brief is improper.'" Goldsmith v. Camden Cty. Surrogate's Office, 408 N.J. Super. 376, 387 (App. Div. 2009) (alteration in original) (quoting Borough of Berlin v.

---

[2] Neither the purported exonerating statement nor propounded questions are included in the record.

Remington & Vernick Eng'rs, 337 N.J. Super. 590, 596 (App. Div. 2001)). Nevertheless, even if we were to consider the argument, we are satisfied that Catona was not prejudiced by any deficiency such that there exists a "reasonable probability that, but for [counsel-substitute's] unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984).

Catona has not demonstrated that the NJDOC's decision was arbitrary, capricious, unreasonable, or in violation of either the enabling statute or implementing regulations. See Bowden v. Bayside State Prison, 268 N.J. Super. 301, 304 (App. Div. 1993) (holding that "[t]he burden of showing the agency's action was arbitrary, unreasonable[,] or capricious rests upon the appellant"). Catona's arguments, those described here and others not fully set forth, are without sufficient merit to require further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1743-17T4